# CHARLESTOWN.

## RATLIFF *v.* COUNTY COURT.

(ENGLISH, JUDGE, absent.)

Submitted June 15, 1889—Decided September 14, 1889.

ASSUMPSIT—COUNTY ORDERS.

> An action of *assumpsit* will not lie against a County Court upon an order issued by a County Court upon the sheriff of a county in favor of the owner of such order.

*O. Johnson* and *Z. T. Vinson* for plaintiff in error.

*Simms & Enslow* for defendant in error.

BRANNON. JUDGE:

C. H. Burgess instituted an action of *assumpsit* in the Circuit Court of Wayne county, which, on his death, was revived in the name of G. F. Ratliff, his administrator, against the County Court of Wayne county, in which the defendant pleaded *non-assumpsit,* and the parties waived a jury, agreed to the facts, and submitted the case to the decision of the court, which, on the 14th day of September, 1887, rendered judgment for the defendant, and to that judgment the plaintiff has taken this writ of error.

The action is based solely on two orders of $1,250.00 each, drawn by said County Court on the sheriff in favor of James Morris—one payable out of the levy of 1875, not one out of that of 1877—with interest from 1st December, 1875. There is but one count in the declaration, based only on said orders.

The question arises, whether an action of *assumpsit* lies upon said orders. We hold that the action of *assumpsit* can not be maintained. This Court, in *Canby* v. *Board,* 19 W. Va. 93, held that upon an order on the sheriff for payment of money issued by a board of education, which he had not collected from the sheriff, no action of *assumpsit* could be maintained; but the sole remedy was to present the order to the board, and, if it refused to provide for its payment, to compel it by *mandamus*. The features of the statute on which that decision rested are, so far as it respects the matters involved in the decision of this case, similar to the features of chapter 114, Acts 1872-73, pertinent to this. In all these respects that case is analogous to this. There was a count on the order, and also common counts. The court held that the special count on the order could not be maintained. There an order had been given, and the opinion of the court by HAYMOND, J., says that, as soon as the order was given in evidence, it defeated recovery on the common counts. Therefore, under that case, when an order is given, there can not be a suit on the original debt; but the creditor must obtain payment of the sheriff if he can; and, if he can not, he must ask the County Court to provide for the order, and on its failure to do so proceed by *mandamus*.

Section 43, c. 39, Code 1887, exempts the land, buildings, furniture and books of a county from execution or other process, but provides that when any demand against the county has been disallowed, or any order on the county treasury, or judgment, or decree has been presented to the sheriff without obtaining payment, the creditor of the county may obtain a *mandamus* compelling the County Court to provide for its payment. Why allow a suit on it? The judgment could not be enforced. A copy of it would only have the force of an order on the treasury, and that the plaintiff already had. Such orders as these have, except in a few cases, been held by courts not as notes or evidences of debt

importing promises to pay, on which actions could be maintained, but only as vouchers for disbursing officers, and as guides to direct their disbursements.

In *Dyer* v. *Covington*, 19 Pa. St. 200, it was said an action does not lie on such paper. It is neither a bill, note, check nor contract. See 1 Daniel, Neg. Inst. §§ 427, 428, 434, and note 5. Our statute has given no action on them, only the *mandamus.* In the school law under which *Canby* v. *Board* was decided there was no express prohibition of a suit against a board of education; but by section 59, c. 39, Code 1868, as found in chapter 114, Acts 1872-73, (the law in force when these drafts issued,) and by section 41, c. 39, Code 1887, (the law in force when this suit was brought) it is provided that no suit shall be brought against a county for any demand based on contracts, except an order on the county treasury, until it has been presented to the County Court and disallowed. Here a county order is excepted from the total prohibition of suit. But a provision in both those statutes provides the special remedy of *mandamus* for such order to compel a special levy for it; and, taking this in connection with the provision that a copy of a judgment shall have the force only of an order, and exempting all county-property from execution, the manifest intent is to save the county from suits on such claims except by *mandamus.*

If the school law justified the court in *Canby* v. *Board* in holding that *assumpsit* would not lie on a school-order, for a stronger reason, in view of the express prohibition of a suit against the county, may it be held that it will not lie on a county-order? If said orders are evidence of a still subsisting liability against the County Court, and it refuses to provide funds for their payment, then the remedy is by *mandamus* under the statute to compel said court to levy a fund for their payment; but if the County Court has provided funds, and the sheriff fails to pay said orders, the remedy is by notice against the sheriff, under the statute to compel such payment. If, however, said orders are not a still subsisting liability, then the plaintiff may, by any proper action, sue the county on the original cause of action, if any exists. As *assumpsit* does not lie upon said orders, the judgment aforesaid must be affirmed, without prejudice to the plaintiff

in error to proceed by any proper proceeding against the County Court or sheriff. As we hold that *assumpsit* does not lie, we express no opinion upon the law arising no other facts agreed in the case.

AFFIRMED.