# CHARLESTON.

JOHNSON v. ALDERSON.

Submitted January 11, 1890.—Decided January 31, 1890.

ASSUMPSIT—CLAIMS—CITIES, TOWNS AND VILLAGES.

*Assumpsit* will lie against a town for the recovery of money due the plaintiff for work done under contract for the town, notwithstanding void certificates have been issued and accepted for such work. SNYDER, P., dissenting.

*J. W. Harris* for plaintiff in error.

*W. W. Adams* and *J. H. Miller* for defendant in error.

SNYDER, PRESIDENT:

Action commenced before a justice of Monroe county, by John W. Johnson, against the town of Alderson, to recover $174.00, balance due upon contract for work done. Judgment was rendered for the plaintiff for the amount of his claim, and upon an appeal by the defendant to the Circuit Court of said county the said judgment was affirmed, and thereupon the defendant obtained this writ of error.

The facts certified show that in the fall of 1882 the town council of Alderson contracted with G. H. Walters to do certain street paving and curbing at an agreed price, of which not less than $150.00 was to be paid in cash as the work progressed, and the balance out of the taxes of 1883; that after the work was completed the council of the town, in August, 1883, made an order directing the recorder to issue to said Walters or his assignee (the said Walters having assigned his claim to the plaintiff, Johnson) certificates to the amount of $600.00, in six certificates for $100.00 each, to be paid out of the levy of 1884; that the certificates were accordingly issued and delivered to the plaintiff, and payments were made to him on these certificates from time to time, he agreeing that if the town paid him interest the time of the payment on the balance might be postponed and paid in annual installments, at one, two, and three years from January 1, 1885 ; and that when this action was

commenced there was a balance of $174.00 due to the plaintiff on said certificates. The defendant was incorporated in 1881, under the general law of this State concerning cities, towns, and villages. Code c. 47.

The plaintiff in error contends that it was not within the power of the town council to issue said certificates or to undertake to pay for said work in the manner it attempted to do; that the statute required the council annually to make an accurate estimate of all sums lawfully chargeable against the town, and make a levy sufficient to pay the same; that it could not run over its indebtedness into subsequent years; and that therefore the certificates here sued upon are illegal and void. On the other hand, the defendant in error contends that this action is not based upon said certificates, but upon an account for work done for the town, and that it does not appear that it was not to be paid for during the fiscal year in which the work was done, and that therefore the town is liable. These are the questions argued by the counsel before this Court; but, in the view I take of the case, none of these questions can be properly decided in this form of action. Whether this action is founded on the certificates, or a balance due upon contract for work done, it is in either case an action upon a liquidated demand for money, evidenced by the records of the town; and, as such, neither debt nor *assumpsit* will lie upon it. In *Ratliff* v. *County Court, ante* p. 94, (10 S. E. Rep. 28), this Court decided that "an action of *assumpsit* will not lie against a county upon an order issued by a County Court upon the sheriff of a county in favor of the owner of such order." It was held there that the sole remedy was by *mandamus* to compel the County Court to make a levy to pay the county order. The reason for that decision, and others of life character, is that, since the county has no property upon which an execution could be levied, or out of which a judgment could be satisfied, otherwise than the levy of a tax to pay it, a judgment would be no more available to the plaintiff than the order which admitted the liability of the county. The obtaining of the judgment would not create any greater right in the plaintiff, or advance his remedy in any respect. He would be just as remote from satisfaction after he had

gotten his judgment as he was before he obtained it. The only way to obtain satisfaction of the judgment would be by *mandamus* to compel a levy; and, as he might resort to this remedy on his order, his judgment would be entirely perfunctory and useless.

The analogy between that case and the one at bar seems to me to be perfect, both in law and reason. In the case of a town the statute does not, as it does in the case of a county, give the remedy by *mandamus*; but the common law does authorize that remedy against all municipal corporations. The town has no property out of which an execution can be satisfied. The plaintiff here had a contract by which the town agreed to pay him a fixed sum; and, whether this liability is evidenced by the certificates issued to the plaintiff, or or by the records of the town council, it is a certain and liquidated sum, for which *mandamus* would lie if payment is improperly refused. It is equally as available to the plaintiff, as a foundation for such writ, as a judgment would be, if he had one. It therefore seems to me clear that an action to obtain a judgment against a municipal corporation upon a claim of this character is a useless and unauthorized proceeding. If the town is not liable for the payment of plaintiff's demand, whether it is evidenced by the said certifi-·ates, or by the order of the council only, then the defences sought to be made in this action can be made in the proceedings by *mandamus*, with the same force and effect as they could in *assumpsit* or other action. My conclusion is that the judgments, both of the Circuit Court and the Justice, should be reversed, and the plaintiff's action dismissed without prejudice to his right to proceed by *mandamus*.

The foregoing are my views of this case; but the other members of the Court are of opinion that, this action having been brought on the account for work done in 1882, to be paid for within one year from the date of the contract, and it not appearing that the levy for that year was insufficient to pay said account, the subsequent agreement of the plaintiff to accept certificates therefor, to be paid after the fiscal year in which the contract was made, was not binding upon either party, because the said agreement was *ultra vires*, and the certificates void. They also think that this action

being upon an account and not upon any legal order of the town council does not come within the doctrine announced by this Court in *Ratliff* v. *County Court, supra,* and that it was properly brought, especially as the plaintiff's demand was subject to payments which the records of the town do not show, and may therefore be a subject of dispute and controversy. This conclusion, they think, is sustained by the following decisions of this Court: *Wells* v. *Town of Mason,* 23 W. Va. 456; *Fisher* v. *Charleston,* 17 W. Va. 595; *Brown* v. *Gates,* 15 W. Va. 131; 2 Dill. Mun. Corp. § 850, (686).

The judgment of the Circuit Court is therefore affirmed.

AFFIRMED.