# CHARLESTON.

RATLIFFE, ADM'R *v.* COUNTY COURT OF WAYNE COUNTY.

Submitted January 19, 1892.—Decided March 19, 1892.

1. SHERIFF—COUNTY ORDERS—PARTIES.

When the County Court has provided a fund in the hands of the sheriff, *ex officio* the county treasurer, for the payment of claims against the county, and has caused to be issued and delivered to the creditor an order for his claim in form or effect as provided in section 37, c. 39, of the Code, and the sheriff, without fault on the part of the court, fails or refuses to pay the order, the creditor's remedy is against the sheriff. Section 39, c, 39, Code.

2. SHERIFF—COUNTY ORDERS—PARTIES.

The taxpayers of the county are not to be treated directly or indirectly as the sureties of the sheriff, without fault on the part of the county court.

*Campbell & Holt* for plaintiff in error cited 9 Wheat. 873; 1 Wash. 146; 3 Rand. 434; 33 W. Va. 940.

*Okey Johnson* and *Z. T. Vinson* for defendant in error cited 11 W. Va. 535; 2 L. R. A. 426; 13 L. R. A. 244; 7 W. Va. 504; 10 Wall. 676; 102 U. S. 294; 106 U. S. 487; 28 W. Va. 56; 28 Blatchf. C. C. 486; 6 Am. Dec. 482; 2 Call 102; 4 H. & M. 415; 1 Gratt. 416; 8 Ala. 632; 1 Mo. 288; 4 Serg. & R. 263; 10 Pa. St. 457; 10 Am. Dec. 715; 103 N. G. 414; 27 W. Va. 1; 6 Rand. 465; Id. 496, 497; 11 Gratt. 468; 44 Mich. 25; 7 Ala. 230; 1 Dana 338; 3 J. J. Marsh. 443; 4 Strobh. 186; 9 Paige 461; 33 Miss. 539; 9 Wheat. 837; 1 Wash. 145; 3 Rand. 434.

HOLT, JUDGE:

On the 18th day of December, 1890, the Circuit Court of

Cabell county awarded against the County Court of Wayne county a peremptory writ of *mandamus*, commanding said County Court and the commissioners of the court by name to levy a tax upon the taxable property within the county of Wayne sufficient to pay the plaintiff, G. F. Ratcliffe, administrator of C. H. Burgess, deceased, the sum of one thousand, one hundred and twenty one dollars and eighty eight cents, with interest from the 11th day of July, 1887, and set aside said sum to pay the same.   Neither party requiring a jury, the case was heard and tried by the court, and to the judgment rendered the County Court of Wayne has obtained this writ of error and *supersedeas.*

During the trial the plaintiff offered in evidence what purported to be a printed record of the case of *Ratliff* v. *County Court,* 33 W. Va. 94 (10 S. E. Rep. 28) which the court received in evidence against the objection of defendant, and this is the first error assigned.

Our rule of practice in such cases is given in *Nutter* v. *Sydenstricker,* 11 W. Va. 535, as follows : "Where a case is tried by the court in lieu of a jury it is not error in the court to hear illegal testimony, the court being fully competent to discard the illegal evidence."   The court must in some way know what the evidence is before it can pass upon its admissibility.   It might in some cases be more convenient to pass upon the question expressly at some stage during the progress of the trial ; for, if discarded, the plaintiff might be able to supply it, or cure the defect; for the question in this Court is : "Was the judgment of the court (below) warranted by the evidence?"   Yet by our practice such express ruling on the admissibility of evidence is not required, but the appellate court will simply inquire whether or not there is sufficient competent evidence in the record to sustain the judgment of the court below, treating the appellant as a demurrant to the evidence.

The proceedings in *mandamus* are regulated by chapter 109 of the Code, and are assimilated, as far as may be, to the pleadings and practice in other actions.   The alternative writ may be awarded by the Circuit Court or the judge thereof in vacation.   Section 3, c. 123, Code.   By writ of *mandamus* the Circuit Court may enforce the per-

formance of any legal duty of the County Court. Section 45, c. 39, Code. Section 43, c. 39, Code, provides for the enforcement of payment of claims against the county by writ of *mandamus.*

In such cases the person entitled to the money may "petition any court having jurisdiction, or a judge thereof in vacation, for a writ of *mandamus* to be directed to the County Court of said county, commanding it to provide for the payment of such money by and out of the next county levy to be made in their county, or show sufficient cause why they should not be complled to do so, which writ shall be returnable as the court or judge awarding the same may order. Upon the said writ such proceedings shall be had as are prescribed by law in other like cases, and the court (but not the judge in vacation) may, if the case justify it, award a premptory *mandamus* directed to such County Court, to provide in the next county levy to be thereafter made for what shall appear to be due to the said complainant with interest and costs."

. (1) "When a write of *mandamus* is issued, the return thereto shall state plainly and concisely the matter of law or fact relied on in opposition to the complaint." (2) "The complainant may thereupon demur to the return, or plead specially thereto, or both." (3) "The defendant may reply to, take issue on, or demur to, the return or pleas of the complainant." Code, c. 109.

The petition, supported by the affidavit of the party, contains the suggestion of facts to justify the issuing of the writ. "The alternative writ of *mandamus* should set out all the facts necessary to make out the plaintiff's case, with the same certainty and precision that is required in a declaration in an ordinary suit; but such facts may be stated by way of recital." *Fisher* v. *Mayor*, 17 W. Va. 628. When the alternative writ has been awarded, the petition has performed its function. "The petition and rule (if awarded) constitute no part of the pleadings in cases of *mandamus*." *Fisher* v. *City of Chareston*, 17 W. Va. 595. Issues of fact are determined as in other cases.

In this case the alternative writ giving the facts as suggested and represented by the complainant was issued by

the judge in vacation on 10th January, 1890, and is as follows :

"To the County Court of Wayne County : Whereas, it is represented to the undersigned judge of the Circuit Court of Wayne County that you, in August, 1875, purchased a farm of one J. A. Morris, and that you took a deed from said Morris for said farm, and in payment thereof issued to him on the 8th day of September 1875, two several orders, Nos. 332 and 333, for one thousand and two hundred and fifty dollars each, with interest on each sum from the 1st day of December, 1875—the first order payable out of the levy of 1875, and the second out of the levy of 1877 ; that in August, 1875, you at once took possession of said poor farm so purchased as aforesaid, and have used and occupied it ever since; that from time to time payments have by the sheriff, on whom said orders were drawn, been made; that without any fault of the party holding said order, to wit, C. H. Burgess, who it is represented is now dead, and his administrator, G. F. Ratcliffe, is the holder of said orders for the estate of said C. H. Burgess, deceased, the payment of said orders were enjoined in an injunction suit by one *Booten* v. *H. F. Bowen,* Sheriff of Wayne County, and others, from October, 1878, to February, 1887 ; that all of the amounts of said orders had been paid to the holder thereof, excepting the interest accumulated during the pendency of said injunction, except the sum of one hundred and fifty one dollars and sixty two cents; that you settled with the sheriff, who should have paid said orders but for the injunction. After the injunction was dissolved, to wit, in July, 1887, you failed and refused to charge them any interest on said order while the said injunction was pending, and exonerated them, the said sheriffs, from paying any further sum on said orders, and agreed and admitted in your settlements with said sheriffs that there were no funds left, in their hands applicable to the payment of said orders or either of them; and that G. F. Ratcliffe, administrator of Q. H. Burgess; the holder, and for his decedent, the owner of said orders, on the 11th day of July, 1887, by his attorney, presented to you, and demanded payment thereof, including

interest on the same, while said injunction was pending; and that you then and there admitted your liability to pay the balance due on said orders, excluding the accumulated interest while the said injunction was pending, but deemed that you were not liable to pay interest on said orders during the pending of said injunction, and ascertained the balance, excluding said interest, to be one hundred and fifty one dollars and sixty two cents, for which you then and there gave a draft, payable to said G. F. Ratcliffe, administrator of C. H. Burgess, deceased, who refused to accept the same in full, but accepted it as a general credit on his order against you ; that you agreed and admitted that, if you were liable to be charged interest on the said orders while the said injunctions were pending, that you owed the plaintiff on one of said orders the sum of four hundred and seventy three dollars and seventy three cents, and on the other the sum of six hundred and forty eight dollars and fiteen cents, on the said 11th day of July, 1887, aggregating one thousand one hundred and twenty one dollars and eighty eight cents, and that no part of the said last-mentioned sum has been paid : You are therefore commanded, in the name of the State of West Virginia, by Chapman Adkins, John Jarrel, and W. W. Brumfield, commissioners comprising the county court of Wayne county, to levy a tax upon the taxable property within the county of Wayne, sufficient to pay to G. F. Ratcliffe, administrator of C. H. Burgess, deceased, the sum of $1,121.88 (eleven hundred and twenty one dollars and eighty eight cents) with interest from the 11th day of July, 1887, and set the said sum aside to pay the same, or appear before the Circuit Court of Wayne County on the first day of the next term thereof, and show cause why you should not do so. Done in vacation, this 10th day of January, 1890. THOS. H. HARVEY, Judge Circuit Court Wayne County. Done in vacation at Huntington.

"By J. W. WELLMAN, Deputy."

"A copy.

"Teste: JAMES P. WELLMAN, Clerk."

On the 14th May, 1890, the defendant appeared by counsel, and moved to quash the *mandamus nisi*, which motion

was overruled, and on the 18th day of May, 1890, defendant tendered its answer and return to the writ, and, there being no objection thereto, the same was ordered to be filed, and plaintiff replied generally thereto. The return is as follows:

"George F. Ratcliffe, Adm'r, &c. *vs.* The County Court of Wayne county. *Mandamus.* The respondent, the County Court of Wayne county, for answer to the plaintiff's conditional writ heretofore awarded herein, says it ought not to be compelled to levy a tax upon the taxable property within the county of Wayne to pay said petitioner his alleged demand in said writ mentioned, because it is untrue, as set forth in said writ, that this respondent, after the dissolution of said injunction, to wit, in July, 1887, settled with the sheriffs, who should have paid said orders but for said injunction, and failed and refused to charge them any interest on said orders while the said injunction was pending, and exonerated them, the said sheriffs, from paying any further sum on said orders, and admitted in said settlement with said sheriffs that there were no funds in their hands applicable to the payment of said orders, or either of them. Said respondent further says that it ought not to be compelled to levy a tax for the purpose aforesaid, because the purchase by it of said poor farm in the manner as alleged, and the issuance by it of said two orders in payment thereof, was an attempt to create a debt without warrant or authority of law, and in plain violation of section 8, art. X of the constitution of West Virginia, in this: that at the time of the creation of said supposed debt the said County Court did not provide for the collection of a direct annual tax, to pay annually the interest thereon, and the said supposed debt was contracted without having first submitted the questions connected therewith to a vote of the people of said county, and the said supposed debt is not binding, and the orders issued thereon are absolutely null and void. This respondent was not a party to the said injunction proceeding, and therefore could not move to dissolve the said injunction, or control any of the proceedings therein, and it could not procure the investment at interest of the said fund, and respondent did not have the use or control of said

fund pending said injunction, and ought, therefore, not to be required to pay interest thereon for said period. Petitioner's intestate, and the one under whom he claims said orders, were parties to the said injunction suit, and they failed and neglected to cause the said funds to be lent out at interest pending the said injunction, and they failed and neglected to prosecute and push the said suit to a speedy and final determination, and respondent pleads such failure and negligence in bar of petitioner's relief. This respondent further says that, if it is bound in law to pay the alleged demand of petitioner in said writ specified, it has ample funds in the hands of the sheriff and *ex officio* treasurer of said county with which to pay the same, and no necessity whatever exists for a special levy for that purpose. All of which respondent is ready to verify. Wherefore it prays judgment of the court whether a peremptory writ of *mandamus* should or ought to issue.

"THE COUNTY COURT OF WAYNE COUNTY. BY CAMPBELL, MARCUM & HOLT."

The only evidence offered on either side was by plaintiff, viz., the printed record in the case of *Ratliff* v. *County Court*, 33 W. Va. 94 (10 S. E. Rep. 28, 1889) which, for the present, will be treated as competent, as showing the facts agreed on the trial of the action of *assumpsit*. The facts are substantially as follows:

In August, 1875, one James A. Morris sold and conveyed to the county of Wayne a certain tract of land for a "poor farm" for the sum of two thousand five hundred dollars, one thousand two hundred and fifty dollars thereof to be paid out of the levy of 1875, and one thousand two hundred and fifty dollars, the residue, to be paid out of the levy of 1877; both installments to bear interest from the 1st December, 1875. The County Court took possession of the property, and on the 8th of September, 1875, issued two orders on the sheriff, *ex officio* the county treasurer, payable to the vendor, James A. Morris, one order—for one thousand two hundred and fifty dollars, payable out of the levy of 1875; the other for one thousand two hundred and fifty dollars, payable out of the levy of 1877—both bearing interest from the 1st December, 1875. These orders were

presented for payment on the 25th June, 1878—the first one to L. Adkins, late sheriff; the second one to H. F. Bowen, then sheriff. The ownership of these orders passed to C. H. Burgess, now deceased, plaintiff's intestate.

On and before the 7th day of August, 1878, two hundred and fifty dollars had been paid and credited on each order. Prior to October, 1878, the County Court had provided funds sufficient to pay both orders, and the respective sheriffs then had said funds in their hands.

In October, 1878, one Booten instituted a chancery suit of injunction in the Circuit Court of Wayne county against plaintiff's decedent, C. H. Burgess, Lamech Adkins, late sheriff, and H. F. Bowen, then sheriff, wherein the sheriffs, were restrained from paying and C. H. Burgess restrained from collecting these orders until further order. The county or County Court were not parties to this suit. No injunction bond was required or given. Booten turned out to be insolvent. H. C. Burgess appeared in the suit, but did not move to have the fund paid in and invested. What claim Booten set up to the fund, if any, or what was the ground of the suit, or why no bond was required, does not appear.

On the first order due there is a credit of two hundred dollars, paid 27th July, 1878, by order of J. D. Booten. July 11, 1887, this injunction was dissolved, and the suit dismissed. The reason of the delay was that the heirs of Okey Morris had pending against the county a suit contesting the title to the "poor form," which was decided in December, 1886, in favor of the county. Up to 11th July, 1887, there was paid on these orders the sum of three thousand three hundred and twenty eight dollars and forty four cents, which discharged them in full, if the county was not liable for interest during the pendency of the injunction, but, if the county was liable for interest during that time, the additional sum of one thousand one hundred and twenty one dollars and eighty eight cents was required.

At the July term the County Court settled with the sheriffs, giving them credit for three thousand three hundred and twenty eight dollars and forty four cents paid on these orders, and failed and refused to charge the sheriffs

with the one thousand one hundred and twenty one dollars and eighty eight cents, the interest thereon. The County Court also refused to provide for its payment out of taxes in hand or to be levied. But they did not undertake to release or "exonerate" the sheriffs from liability, if they were liable by reason of these transactions. It was not for the County Court in such annual *ex parte* settlement to say that the sheriffs were liable to any one for interest during the injunction. That was a matter in dispute. Neither did the County Court undertake to exonerate them from such liability; but said courts did say that the interest was not to be paid out of funds belonging to the county, when the court as the agent of the taxpayers, was not in fault, thus swelling the price of the "poor farm" from two thousand five hundred dollars and the proper interest to the sum of four thousand four hundred and fifty dollars and thirty two cents. The court levied the tax, provided the fund, had it in the hands of the sheriffs, drew the order in question on the fund, and thus put it out of and beyond their control, when, in a suit, to which they were not parties, with which, as far as appears, they had nothing to do, the further payment to F. H. Burgess, who was a party, was arrested by injunction obtained by one Booten—upon what ground, by reason of what claim, does not appear; but to that extent, and during that time, putting the fund out of the control of all parties. Booten may be liable notwithstanding his insolvency. The sheriffs may not be liable, notwithstanding they did not, unasked, pay the money into court. It might have been thought safer and better to leave it for a time with them, as they were holding it as bonded officers; for it is a fact agreed that C. H. Burgess did not ask to have the fund paid into court; so that the loss of interest may have been the result of his own conduct, not necessarily negligent. It may have been prudent, for it resulted in his and his estate receiving all the principal and eight hundred and twenty eight dollars and forty four cents interest; yet that it should have been so left for nine years would seem to indicate negligence.

From the arguments of counsel these are some of the questions incidentally in dispute and discussed, but they are

in no wise directly involved here, nor is any opinion about them intended to be even intimated. Thus taking the case at its strongest with plaintiff's evidence in, the essential suggestion in the alternative writ that the County Court "exonerated the said sheriffs from paying any further sum on said orders" is not sustained by the proof, but only that no further payments were to be made out of the other funds of the county.

But the question remains, was this printed record competent evidence? Section 7, c. 135, Code, provides that "the appellate court, or the judge thereof, may, when a case has before been in such court, inspect the record upon the former appeal, writ of error, or *supersedeas*." But there has been no former appeal in this case. That was an action of *assumpsit*, this is a judgment awarding a writ of *mandamus*.

The practice in cases like this is to receive such a printed record in evidence when relevant by agreement, or by having on it the certificate of the clerk that it is a true copy; and without that it is not competent evidence, any more than any other written or printed transcript from the records of the clerk's office of the Circuit Court of Wayne county, or from the records of this Court, having on it no attestation whatever by the officer in whose office such record is. The court will not enter into the question of the likelihood of such a paper being a true copy or not. It is sufficient to say that it is not proved in any way, and that it lacks the authentication as a copy which the law requires. See section 5, c. 130, Code, p. 802.

In this aspect of the case, the facts depend upon the pleadings, the facts suggested in the alternative writ, and the return of defendant. Here the exoneration of the sheriffs by the County Court is expressly denied. In the alternative writ there is no suggestion that Booten is insolvent, or that no injunction-bond was given, or that the money was not paid into court. The return alleges that plaintiff's intestate neglected to cause the said funds to be lent out at interest. No reason is suggested why the injunction was permitted to stand without motion to dissolve from October, 1878, to February, 1887.

In conclusion, we can see nothing in this record which

tends to show that it was the duty of the County Court to require the taxpayers to pay the holder of these orders the additional sum of one thousand, one hundred and twenty one dollars and eighty eight cents. Therefore the judgment of the Circuit Court of Cabell county rendered on the 18th of December, 1890, is reversed, the motion for the peremptory writ of *mandamus* overruled, and the *mandamus nisi* discharged.

REVERSED.