Bond, Circuit Judge.
It appears from the agreed statement of facts in this case that the county court of Wayne county, in the state of West Virginia, on the 11th day of March, 1881, entered an order on its records, which recited that it appeared from a report of a special commissioner appointed by a preceding county court that there was an indebtedness which was created by the late county court of Wayne county in accordance with the provisions of the road laws of West Virginia, then due and unpaid. It further recited that the levies for the then coming year would not be sufficient to pay such indebtedness and other expenses for like purposes. It then directed bonds of the county for $12,000, with interest at the rate of 6 per cent., payable semiannually, to be issued, and that these bonds and interest coupons should be a charge upon the.road levies of the respective districts of the county where the money derived from the sale of the bonds was expended, for a term of 10 years, when the bonds were to become due. On the 11th day of August, 1882, the county court issued another order, similar to the above, except that it authorized the issue of bonds to the value of $19,500. The defendant in error, the Society for Savings, bought these bonds for their face value. The county court of Wayne county has paid the interest thereon up to September, 1889, and one bond of $500. In payment of this interest the county court issued the orders sued on in this case, and delivered the same to the plaintiff below, who notified the sheriff of Wayne county that it held them, and presented the same for payment to him in the summer of 1889, again January 4, 1890, and again on May 16, 1890 The sheriff refused to pay the same in obedience to the order *383 of the county court, and refused to indorse thereon, “No funds,” or the date of presentation. A levy was made in 1889 to pay said orders, and the levy was collected by the sheriff before January, 1891. The form of the order from the county court of Wayne is this:
“Wayne County, W. Va., July 2nd, 1889.
“The Sheriff will pay to Society for Savings, or order, the sum of thirteen hundred and six dollars and sixty-nine cents, allowed by special order, entered on the 2nd day of July, 1889, after deducting therefrom the amount of all State, county and other taxes and levies in his hands for collection against the said Society for Savings. Third District Road Levy, 1889, with interest from July 1st, 1889, $1,306.69. Chapman Adkins, President.
“Chapman Pry, Clerk.”
There is no allegation or pretense that the sheriff had in his hands for collection any claims of the state or county against the Society for Savings, which is a corporation of the state of Ohio. This is an action upon the sheriff’s bond against Sanders Spurlock, the sheriff, and the sureties on his bond, of which there are twenty-three. The parties, by agreement in writing, waived a jury trial, and submitted the case to the court upon the agreed statement of facts. The court found for the plaintiff in the amount of the penalty of the bond, which was to be released upon the payment of $2,729, with interest from the 24th day of November, 1891, and costs.
At the January term of 1891 the county court of Wayne issued an order directing the sheriff not to pay the former orders of the court, though the money required to pay them had been collected from the taxpayers of the various districts, and was in the sheriff’s hands for that purpose in 1889.
The errors assigned in the record are that the bonds upon which these orders were issued to pay accrued interest were invalid because they were issued in violation of section 8, art. 10, of the constitution of West Virginia, which requires the questions respecting the issue of such obligations to be submitted to a vote of the people of the county, and that, the bonds being invalid, the interest coupons are invalid also; that it was error for the circuit court of the district of West Virginia to hold that any indebtedness for money had and received could be incurred by the county of Wayne when it' did not appear that the plaintiff purchased the coupons from the county, or when there had been no submission to the vote of that county of the questions connected with such indebtedness, required by section 8, art. 10, of the constitution of West Virginia; and that it was the duty of the sheriff to respect the order of January, 1891, forbidding him to pay the orders, the refusal to indorse or pay which constitutes the cause of action against, the defendant Spur-lock.
It is well to understand the legal position, under the laws of West Virginia, of the county of Wayne, which issued the orders to the Society for Savings, which took them in payment, and of the sheriff, Spurlock, when they were presented to him for payment, and the remedy at hand to which the Society for Savings might resort to compel payment. It *384 is the duty of the county court of Wayne county to ascertain from time to time the indebtedness of the county and to make the levies. These are, with the assessors’ books, delivered to the sheriff for collection. When this is done, upon the application of any creditor, the county court issues a warrant in his behalf upon the sheriff, requiring him to pay to holder the amount specified in the warrant or order. The county court has no other mode of payment. When this order has been issued, no action will lie against the county court, except mandamus, to compel its payment, unless the order has ceased to be a subsisting liability, in which case the county may be sued on the original cause of action. Ratliff v. County Court, 33 W. Va. 94, 10 S. E. Rep. 28; Canby v. Board, 19 W. Va. 93.
The law of West Virginia, however, has not left its creditors remediless. Sections 38, 39, c. 39, Code W. Va., provide that no money shall be paid out of the county treasury (the sheriff is the only treasurer) except upon an order signed by the president and clerk of the county court. When an order is presented to the sheriff, and there are no funds to pay the same, the person entitled to receive the sum of money specified in such order may require the sheriff to indorse thereon or write across the face “Presented for payment,” and sign the same, and the order, if it was due at the time of presentment, shall be payable, with legal interest, from the date of indorsement by the sheriff. But if the sheriff, having funds to pay the order with, fails to do so, when properly presented during business hours by the person entitled to receive the same, he shall be liable with his sureties to the person entitled to the money, for the entire amount due thereon, with interest, and 10 per cent, on the amount as damages.
The money to pay these orders had been levied by the county court of Wayne county, assessed by the county assessors upon the property liable for such tax, and was in the hands of the sheriff, Spurlock, who could appropriate it to no other purpose but to pay it-out upon such orders as the county court might draw against it. At the time these orders were presented to the sheriff there was nothing for him to do but to indorse them as required by law, if he had no funds, or to pay them if he had funds. The statement of facts agreed admits that he would do neither. The plaintiff could have proceeded against the county court, on the original cause of action, because of the order of the court to the sheriff directing him not to pay the orders, or against the sheriff on his bond. The latter course was followed, as provided for by the Code of West Virginia, and no good reason has been shown by either the sheriff or the county court why the orders have not been paid. The sheriff having chosen to violate his legal obligations, and to ignore the statutes of the state of West Virginia prescribing his duties, there has been a breach of his official bond, for which he and his sureties are liable, and. the judgment of the circuit court is affirmed, with costs.