# CHARLESTON.

WELTY *v.* COUNTY COURT OF BARBOUR COUNTY.

Submitted February 1, 1899—Decided April 15, 1899.

MANDAMUS—*Coupon Bonds—Levy—Railroad Aid.*

> Where coupon bonds have been issued by a district in a county to assist in the construction of a railroad, and the coupons falling due in a certain year on said bonds have been levied for by the county court of said county, the holder of such coupons must look to the sheriff of the county for payment, and is not entitled by *mandamus* to compel a second levy upon the people and property of said district to pay the interest represented by such coupons.   (p. 465.)

Error to Circuit Court, Barbour County.

Action by Sebastian Welty against the county court of Barbour County.   Judgment for plaintiff.   Defendant brings error.

*Reversed.*

MELVILLE PECK and C. M. MURPHY, for plaintiff in error.

W. T. ICE, for defendant in error.

ENGLISH, JUDGE:

The county court of Barbour County, in pursuance of the provisions of section 24, chapter 39, of the Code, caused a vote to be taken upon the question as to whether Valley district should subscribe to the capital stock of the Grafton & Greenbrier Railroad Company; and, it appearing from the returns of the election that more than three-fifths of the votes cast were in favor of said subscription, on April 8, 1896, the county court authorized and ordered Luther C. Elliott, who was appointed agent on behalf of said district, to subscribe for twenty-five shares of said capital stock, of the par value of one hundred dollars each, to be paid at such times and in such installments as the directors of said company should prescribe for the payment of other stockholders in the coupon bonds of said

district, payable on the 1st of January, 1920, in sums of
one hundred dollars and multiples thereof, bearing inter-
est at six per cent. per annum, payable annually, and re-
deemable at the pleasure of the court. These bonds were
prepared at the expense of said county, and executed and
delivered by the clerk of said court to said railroad com-
pany. Sebastian Welty, for value received, became owner
and holder of five interest coupons of said district, due
July 1, 1893, for thirty dollars each, which coupons, when
due and payable, said Welty presented to the sheriff of
said county, and demanded payment, which was refused.
At the June term, 1895, of the Barbour county court, he
presented said coupons to the court, and demanded pay-
ment thereof, and requested said court to make an order
directing the sheriff to pay said interest coupons, which
demand and request were refused. Thereupon Welty pre-
sented his petition to the circuit court of Barbour County,
praying an alternate writ of *mandamus* might be awarded
him, directed to the county court of Barbour, returnable
to the 12th of February, 1896, commanding it to levy a suf-
ficient tax upon the taxable property within the limits
of Valley district to pay off and discharge said interest
coupons, together with the accrued interest and costs, or
show cause why it should not do so, which alternative
writ was issued. The county court demurred to the pe-
tition of the relator, and by way of return admitted that
Valley distict of said county subscribed two thousand
five hundred dollars to the capital stock of the Grafton
& Greenbrier Railroad Company, and caused its bonds to
be issued therefor, and with each bond interest coupons
in the nature of an order on the treasurer of the district,
signed by the president of the county court, claimed that
it did not know who was then the owner of said coupon
bonds, and demanded full proof of its ownership, and the
production of the bonds by him, admitted that the interest
on said bonds was to be paid annually on the 1st of July,
and the interest which plaintiff seeks to recover in this
proceeding was due July 1, 1893, and was payable out of
levy of June, 1892; that said tax was collected by James
A. Williamson, deceased, then sheriff of Barbour County,
and if plaintiff was the owner of said bonds, and did not
collect the interest due thereon July 1, 1893, he alone was

in default, and should suffer the loss, if loss there be; that said Grafton & Greenbrier Railroad Company did not build and complete its road according to its charter and agreement, and so said bonds are void, and the holder took them subject to all equities attaching to them in the hands of said company; that the directors fraudulently, and with intent to defeat defendant's stock, made a voluntary gift of one hundred and sixteen thousand dollars of stock in said company to the Baltimore & Ohio Railroad Company, thereby rendering said Valley district stock worthless, and preventing it from ever paying a cent of dividend, and for this said bonds are void and interest not collectible, and defendant was informed that said railroad company forfeited its charter, and for that reason said bonds are void. On February 26, 1897, an order was entered overruling the motion of the defendant to quash the alternative writ, and thereupon the plaintiff demurred to the return of the defendant to the alternative writ of *mandamus*, which demurrer was sustained as to all the allegations of said return, except as follows: "Defendant says that said Grafton & Greenbrier Railroad Company did not build and complete its said road according to its charter and agreement, and so the said bonds are void, and the holder of them took them, as he is informed, subject to all the equities attaching to them in the hands of said company,"—also the allegation which reads as follows: "Defendant is informed that said Grafton & Greenbrier R. R. Co. forfeited its charter, and for that reason said bonds are void." On November 12, 1897, the question of law and fact upon the issues joined were submitted to the court, and a writ of peremptory *mandamus*, was awarded against the defendant, requiring it forthwith to levy upon the taxable property, real and personal, of the taxpayers in Valley district, Barbour County, for a sum sufficient to pay the relator the sum of one hundred and eighty-nine dollars and twenty-two and one-half cents, the aggregate of the debt set forth in said petition, with interest from November 10, 1897; and from this judgment this writ of error was obtained.

It is claimed the court erred in overruling defendant's motion to quash the alternative writ of *mandamus*, because that writ does not show that the plaintiff presented

said coupons at the bank or to the sheriff for payment after they had become due and does not show that they were ever presented at the bank where they are payable, simply reciting that the sheriffs of said county have refused to pay the same. Now, the relator in his petition states that when said coupons became due he presented them for payment to James A. Williamson, then sheriff of Barbour, who refused to pay them, and he afterwards presented them to T. T. Elliott, then sheriff of said county, who in like manner refused payment thereof, each sheriff claiming that he did not have to pay them, and was not authorized to do so. While it is true that in *Fisher* v. *City of Charleston*, 17 W. Va. 628, it is held that the petition and rule constitute no part of the pleadings in cases of *mandamus*, (and to these the strict rules of pleading are not applied, it being in all cases sufficient for the petition to set forth a *prima facie*, case), yet, when it is claimed that the relator does not show that he presented these coupons to the sheriff for payment after they became due, the allegations of the petition may be resorted to for the purpose of showing the relator has made a *prima facie* case, such as would entitle him to the alternative writ.

As to the point raised in reference to the failure to present said coupons at the bank for payment, Daniels on Negotiable Instruments (volume 2, section 1507) says: "The degree of diligence to be exercised by the holder of a coupon in presenting it for payment is to be ascertained by reference to the relation of the parties liable upon it. It is due and payable on the very day fixed for the payment of interest on the bond, and, like a promissory note, payable on a day certain, it need not be demanded, as against the maker, on that day to preserve his liability, and, though in the form of a draft on a bank, neither demand nor notice is necessary to charge the drawer." *Arents* v. *Com.*, 18 Grat., 773. The defendant in its return to the alternative writ of *mandamus*, claims that said Grafton & Greenbrier Railroad did not build and complete its road according to its charter and agreement, and so the bonds are void, and that the holders of them took them subject to all the equities attaching to them in the hands of the company. It does not appear, how-

ever, that the completion of the road was a condition precedent to the issuance of the bonds. In the case of *Neale* v. *Wood Co. Ct.*, 43 W. Va. 104, (27 S. E. 376), it was held: "This is not a question between the holders of bonds and the district, but one between the original parties, —the district and company." It is claimed that the court erred in not requiring proof of the ownership of the coupons sued on, but the relator distinctly alleges that for value received he became the owner and holder of said coupons, and still held them, which allegation is nowhere denied, and which fact is set forth in the alternative writ which was demurred to by the defendant, and the facts therein stated thereby admitted and the necessity of proof dispensed with.

Counsel for the appellant insists that the relator, having a good and sufficient order (in the coupons) on the treasurer of Valley district for the money, must look to the treasurer ,and not to the county court, and relies on *Ratliff* v. *County Court* 33 W. Va. 94, (10 S. E. 28), which only holds that an action of *assumpsit,* will not lie against a county court upon an order issued by a county court upon the sheriff of a county in favor of the owner of such order; also *Ratliffe* v. *Wayne Co. Ct.*, 36 W. Va. 202, (14 S. E. 1004), in both of which cases, the plaintiff had an order for his claim. These coupons can in no sense be considered county orders. They are merely promissory notes, signed by the president, and countersigned by the clerk of the county court, contracting that the district of Valley, in the county of Barbour, will pay to bearer so much. Section 37 chapter 39 of the Code prescribes the form of a county order, which is required to be drawn directly on the sheriff, and states on the face that it is allowed by special appropriation. It is true, under section 36 of that chapter, a special appropriation is not necessary for the payment of an installment of interest, and the president and clerk of such court, without such special order or appropriation, may make and deliver to the person entitled thereto an order for such sum on the county treasurer. Still the sheriff is not warranted in paying it, in the absence of such order.

It is, however, insisted that a levy had already been made for this interest, and for that reason the court erred

in directing a levy to pay the same. Which point I consider well taken, for the reason that two levies should not be made upon the same district to pay this interest. If it has once been provided for, the holder of the coupons should look to the sheriff for payment; and, while I am of opinion that, under section 36, chapter 39, Code, the sheriff would not be warranted in paying a coupon issued for interest, although signed by the president and countersigned by the clerk of the county court, without an order signed by such president and countersigned by such clerk, yet it does not appear that the relator demanded any such order from the president and clerk of the county court of said county; and, being further of the opinion that the relator had no right to a second levy upon the persons and property of Valley district in said county for said interest, the alternative writ of *mandamus*, should have been quashed. The judgment complained of is therefore reversed, and the petition dismissed.

BRANNON, JUDGE:

I regard the coupons signed by the president and clerk as payable without any further order from them. Such coupons are vouchers. Such further order is only necessary in case of salaries, where the sheriff has no other voucher.

*Reversed.*