TOWN OF ELIZABETH *etc.*

*v.*

THE COUNTY COURT OF WIRT COUNTY *etc.*

(No. 9649)

Submitted September 11, 1945. Decided October 9, 1945.

*L. D. Archer* and *Harper & Baker*, for plaintiff in error.

*James L. Smith*, for defendant in error.

KENNA, JUDGE:

This writ of error was granted to an order of the Circuit Court of Wirt County entered on the 5th day of June, 1944, that directed the County Court of that County to pay to the Town of Elizabeth the sum of $758.00, with interest from the date of the judgment until paid, being one-third of the cost of paving Market Street in that town between Washington and Mulberry Streets, the three named streets and another bounding the square upon which the court house stands. The judgment complained of was entered in a mandamus proceeding in which, after a demurrer to the petition was overruled and a demurrer to the return was sustained, proof was taken and the case submitted to the court by agreement, with the result that the peremptory writ was awarded directing the County Court to pay.

We are of the opinion that the demurrer to the petition should have been sustained and the proceeding dismissed.

It is true that under the statute that applied to "demands" against county courts before the adoption of our Revised Code of 1931, mandamus lay for the purpose of trying and, in proper cases, enforcing any demand against a county court that had been "disallowed" by that court in whole or in part. See Sec. 43, Chap. 39, Barnes Code of 1923. Substantially the same provision was included in our Codes since that of 1868. See Sec. 61 of Chap. XXXIX of that Code. It is also true that the petition here alleges that the County Court of Wirt County has disallowed or not recognized the demand of the relator. However, the provision in question was not included in our 1931 revision and the omission was for the purpose of restricting mandamus against county courts to cases in which by either judgment or decree or by its own order the liability had become fixed and determined. See note to Code, 7-5-9. Here that situation is not alleged.

The petition of the relator is both lengthy and exhaustive and apparently proceeds upon the theory that

mandamus will lie against a public body to enforce an alleged and undenied obligation in a specific amount. Undoubtedly after a public body has approved a contractual obligation in a specific amount and has attested that approval by the formal issuance of an order payable to the creditor, mandamus lies to require payment, not of the original obligation, but execution of the order. *Thomas v. Town of Mason,* 39 W. Va. 526, 20 S. E. 580, 26 L. R. A. 727. The holding in the *Thomas* case is a corollary to this Court's decision in *Ratliff v. County Court,* 33 W. Va. 94, 108 S. E. 28, in which it was held that assumpsit does not lie upon a formal order of a county court requiring the sheriff to pay a stipulated amount to the holder of the order, the opinion stating, in effect, that the contractual obligation upon which the claim originally rested had been superseded by the court's formal acknowledgment and order to pay, the enforcement of which by mandamus is provided for by statute. See Code, 7-5-9. Although under our statutes mandamus is treated as a proceeding on the law side, it can not now be said, in either procedure or effect, to be a common law action, as is assumpsit. This is true in spite of the extremely broad range its use has developed under our decisions and statutes. The procedure in mandamus under Barnes Code of 1923, Sec. 43, Chap. 39, no longer in effect, was entirely statutory.

The petition in this matter begins with allegations that trace the circumstances having to do with the responsibility of the County Court for sanitary facilities and reasonably-safe paving accommodations in and around the court house and the part the Town of Elizabeth has taken in supplying both, beginning in the year 1933. From that year down to the present the petition sets up a campaign on the part of the town to improve its streets, and the unsuccessful efforts that had been made to obtain the cooperation of the County Court and alleges that the County Court was fully informed as to the proposed improvement on Market Street by a Works Progress Administration project sponsored by the town,

and further alleges that the County Court stood by and allowed the improvement to be made without indicating whether it would discharge its pro rata part of the obligation. However effective allegations of that nature might be in an action at law to recover upon an implied contract, under the principles clearly adopted in the two cases cited applied under our present statute, it is our opinion that in a proceeding by way of mandamus they are not sufficient.

The judgment of the Circuit Court of Wirt County is therefore reversed and the case remanded.

*Reversed and remanded.*