# Wheeling.

## THE BOARD OF SUPERVISORS OF MASON COUNTY *vs.* WILLIAM T. MINTURN.

### January Term, 1870.

1. A petition for a *mandamus* is not verified by oath or affirmation, but the defendant appeared and moved the court to dismiss the rule issued, because the court had no jurisdiction on *mandamus* to review the proceedings of a Board of Supervisors. HELD:

    That such appearance must be regarded as waiving the want of affidavit to the petition.

2. The writ of *mandamus* is a proper remedy to compel all inferior tribunals to perform the duties required of them by law, and when there is left to the inferior tribunal no discretion but to perform the duty in a particular way, by doing a certain specified act, then the inferior tribunal acts ministerially, and may be compelled by *mandamus*, not only to perform its duties, but to perform them by doing the certain specific act.

3. When there is left to the inferior tribunal any discretion to perform its duties in any other way than by doing a certain specific act, then such inferior tribunal can be compelled by *mandamus* to act and perform the duties required of it by law, but cannot be directed what decision shall be made. In such case the court has no jurisdiction by *mandamus*, and the decision of the inferior tribunal cannot be reviewed by *mandamus*. If any errors have been committed the proper mode of review is by *certiorari*.

4. The 4th section of the 7th article of the constitution of this State provides, that Boards of Supervisors "shall be the judges of the election, qualifications and returns of their own members, and of all county and township officers."

5. M. filed his petition and exhibits in the circuit court of Mason county, praying that a writ of *mandamus* be awarded him against the Board of Supervisors of said county, to compel said Board to permit him to give bond and qualify according to law, as treasurer of said county. A rule was issued by the circuit court, and the defendants appeared and moved the court to dismiss the rule, which was overruled. The defendants then demurred to the rule, petition and exhibits, and the demurrer was overruled by the court. HELD:

    That the circuit court of Mason county has no jurisdiction by *mandamus* to compel the Board of Supervisors to permit M. to qualify

and give bond as treasurer of the county of Mason, and that the court of said county erred in overruling the demurrer to the petition, for the writ of *mandamus*, and the demurrer to the rule, issued by the court against the defendants on said petition.

This was an appeal from a judgment of the circuit court of Mason county, rendered on the 6th day of September, 1867, upon a rule issued by said court against the Board of Supervisors of that county and Frederick Ford, upon the petition of William T. Minturn, praying a writ of *mandamus* against the Board of Supervisors to compel them to permit the petitioner, Minturn, to qualify and give bond as treasurer of Mason county. The rule was issued on the 21st day of March, 1867, and service of the same was waived by the defendants. On the 6th day of September, 1867, the cause was heard on the rule. The defendants craved oyer of the rule, the petition of the plaintiff, and the exhibits therein referred to, and moved the court to dismiss the rule on the ground that the court had no jurisdiction to review on *mandamus* the proceedings of the Board of Supervisors, mentioned and set forth in said petition, exhibits and rule, which motion was overruled by the court. The defendants again craved oyer of the petition, exhibits and rule, and demurred to the same. Plaintiff joined in the demurrer, which was overruled by the court, and the defendants were ordered to answer the rule and petition. The defendants tendered two pleas in writing to the said rule and petition. The first plea was, that plaintiff was not a legal voter in the State of West Virginia, neither on the 25th day of October, 1866, nor on the 6th day of November, 1866, and, therefore, not eligible to the office of county treasurer. The plaintiff objected to the filing of this plea, and the objection was sustained, and the plea rejected. The second plea was, that the plaintiff had not, at any time within sixty days from the 25th day of October, 1866, made, tendered, or delivered to the Board of Supervisors, such official bond as the law requires, by reason whereof the office of county Treasurer became vacated. The plaintiff objected to the filing of this

302        COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,        B. of S. of Mason Co. vs. Minturn.        1870.

plea, also, but the objection was overruled, and the plea was ordered to be received and filed.  The plaintiff replied specially, in writing, to said plea, that he did, on the 20th day of December, 1866, offer to give the bond required by law, and did ask the Board of Supervisors to fix the penalty of said bond, and receive and approve the same; and that said Board did then, of their own wrong, refuse to receive any bond from the plaintiff for the said office of county treasurer, and entered their refusal on their journal.  The defendants demurred to the replication of the plaintiff, and the demurrer to the replication was overruled.  The rule was made absolute, and the writ of *mandamus* directed, commanding the defendants to allow the plaintiff to qualify and give bond as treasurer of the county° of Mason, and to put him fully in possession of all his legal rights in the premises.

The defendant appealed to this court.

Hon. James W. Hoge was Judge of the circuit court of Mason county, on the trial of the cause.

*Polsley* for the plaintiff in error.
*Jeffers* for the defendant in error.

MAXWELL, J.   Minturn filed a petition in the circuit court of Mason county, and asked for a writ of *mandamus* to the Board of Supervisors of the said county, to allow him to qualify and give bond as the treasurer of the said county. A rule was awarded and made absolute, according to the prayer of the petition.

It is claimed here that the proceedings are irregular, for several reasons.   It is first insisted that the petition is itself irregular, because it is not verified by oath or affidavit. When the defendants first appeared in the court below, they moved the court to dismiss the rule issued, because the court had no jurisdiction on *mandamus* to review the proceedings of the Board of Supervisors.   It seems to me this must be regarded as waiving the want of affidavit to the petition.

After the motion which was made to dismiss was over-

ruled, the defendant's demurred to the rule, petition and exhibits which demurrer was overruled by the court. It is now insisted here that the court below erred in not sustaining the demurrer. It appears from the petition and exhibits, that the Board of Supervisors refused to allow the said Minturn to qualify as treasurer, because it appeared to the said Board that he was not a voter in the State at the time he was elected. The 4th section of the 7th article of the constitution provides that Boards of Supervisors "Shall be the judges of the elections, qualifications, and returns of their own members, and of all county and township officers." By the 4th section of the 3d article, it is provided that, "no person except citizens entitled to vote shall be elected or appointed to any State, county, or municipal office." It appears that the Board of Supervisors, acting within the authority conferred upon it by the constitution, and for a cause designated therein, determined, by an order entered of record, that Minturn should not be allowed to qualify, and be inducted into the office to which he had been elected. Had the court below, or any other court the power to review and correct the decision of the Board of Supervisors in this case by *mandamus?*

This writ is a proper remedy to compel all inferior tribunals to perform the duties required of them by law. When there is left to the inferior tribunal no discretion, but to perform the duty in a particular way, by doing a certain specific act, then the inferior tribunal acts ministerially, and may be compelled by *mandamus*, not only to perform its duties, but to perform them by doing the certain specific act.

The case of *Rex* vs. *Justices of Derbyshire*, 1 Wm. Blackstone, 606; *Dawson* vs. *Thurston*, 2 Hen. & Mun., 132; *Manns* vs. *Givens*, 7 Leigh, 687; *Delany* vs. *Goddin*, 12 Gratt., 273; *Conn* vs. *Hampden*, 2 Pick., 414; *Goshorn* vs. *B. S. of Ohio county*, 1 W. Va. Rep., 308; *Strong, petitioner, &c.*, 20 Pick., 484; *Carpenter* vs. *County of Bristol*, 21 Pick., 258, sustain this view of the case.

But when there is left to the inferior tribunal any discretion to perform its duties in any other way than by doing a certain specific act, then such inferior tribunal can be compelled by *mandamus* to act and perform the duties required of it by law, but cannot be directed what decision shall be made. *Chase* vs. *Blackstone Canal Company*, 10 Pick., 244; *United States* vs. *Lawrence*, 3 Dallas, 42; *Inhabitants of Springfield* vs. *Hampden*, 4 Pick., 68; *Carpenter* vs. *County of Bristol*, 21 Pick., 258; *Exparte Secomb*, 19 Howard, 15. If the Board had no discretion in the exercise of the duties conferred upon it by the constitution, but to induct into office any person elected to a county office, whether eligible or not, then the court had jurisdiction by *mandamus*, to compel it to allow the petitioner to qualify in the office to which he was elected, although at the time of his election he was not eligible. But if the board had the power for the cause named in the order of September 20th, 1866, to refuse to allow him to enter into the office, in the exercise of the duties conferred on it by the constitution, then the court had no jurisdiction by *mandamus* to direct what decision should be made. That the Board had the power to do what it did do, cannot be questioned, and, therefore, its decision cannot be reviewed by *mandamus*. The proper mode of review would be by *certorari*, if any errors were committed. *Cunningham* vs. *Squires*, 2 W. Va. Rep., 447.

The demurrer should have been sustained. In the view I take of the case, the questions in the record subsequent to the time when the demurrer should have been sustained, do not properly arise in the case, and are not, therefore, considered.

The judgment complained of will have to be reversed, with cost to the plaintiff in error, and the demurrer sustained.

The other judges concurred.

JUDGMENT REVERSED.