## CHARLESTON.

Rose v. O'Brien.

Submitted April 11, 1917.   Decided April 17, 1917.

1. MANDAMUS—*Action by Inferior Tribunal—Nature of Action.*

   While generally mandamus lies to compel an inferior tribunal to act upon matters presented for adjudication if within its jurisdiction, it is not available to require the exercise of judicial discretion or judgment in any particular manner, or to reverse a decision when made if erroneous. Its office is to compel the exercise of judicial action, but not to determine what the result of the adjudication shall be.   (p. 282).

2. SAME—*Proceeding with Appeal.*

   Where action by a circuit court upon a pending motion to dismiss an appeal from a justice has not been demanded by the petitioner, or declined or unduly delayed by the court, and the question presented by the motion is whether the complaint before the justice states a cause of action, mandamus will not lie to compel the circuit judge to entertain, try and determine the appeal.   (p. 282).

Original mandamus by George E. Rose against Hon. William S. O'Brien, Judge of the Circuit Court of Webster County, and others.

*Writ of mandamus refused.*

*W. S. Wysong, E. H. Morton* and *E. B. Dyer,* for petitioner.

*Linn & Byrne, L. L. Dyer* and *W. T. Talbott,* for respondents.

LYNCH, PRESIDENT:

This is the sequel of the case of *Rose* v. *O'Brien,* 87 S. E. 378. Perhaps because the writ awarded in that case prohibited the respondents from enforcing the judgment in favor of Gregory, rendered by the circuit court upon his appeal from the justice, that court refused the motion of Rose to enter therein a judgment in his favor for the costs incurred by him upon the appeal. He sued and obtained a judgment for the costs before a justice of Webster county, from which Gregory again appealed; and out of this proceeding has

arisen the award of an alternative writ of mandamus, the prayer of the petition therefor being that the judge of the circuit court be required to try and determine the appeal granted and to exercise jurisdiction of the same according to law, or show cause, if any he can, for refusing so to do; and such is the command of the alternative process.

In his return, the judge of the circuit court says he has discretion in the matter, and intends to decide the questions arising on said appeal according to the law governing such cases, as he finds it to be, and denies the averments in the petition ''that he is of opinion to hold that unless the plaintiff may be able to amend his complaint filed before the justice of the peace so as to show that the items of costs sued upon have been awarded your petitioner, he will dismiss said action for want of jurisdiction in the said justice to try and determine the same and for want of jurisdiction in the circuit court of Webster county to entertain said appeal and try the said action as by the statute provided''.

Conceding it to be true, as contended in argument, that between the return, and the opinion of the judge in passing temporarily but not finally upon the motion of Gregory to dismiss the action because based upon insufficient cause of complaint—costs not awarded by any judgment of a court having jurisdiction so to do—there appears to be confusion as to his ultimate intention as regards the motion before him, yet we must look to the verified return rather than to the opinion, not filed but lodged with the papers, to ascertain what the attitude of the court is as to that matter. Whether the opinion be filed or not, the same restriction would obtain. Thus manifestly the court has not determined the questions arising upon the motion to dismiss, and clearly has not unduly delayed action thereon, as the date fixed for that purpose was not deferred for an unreasonable length of time. Nor has action on the motion been demanded by the relator, nor has the court refused to act thereon. The petition is devoid of any suggestion of such demand or refusal. The motion clearly still is pending and undetermined judicially; and so it must be, for if acted upon the writ would not lie. It will not operate to compel the doing of a thing

already done. The motion to dismiss does not involve a. doubt as to jurisdiction to entertain and determine the appeal, as the opinion of the trial judge seems to indicate and as counsel argue, but rather a question whether the complaint presents a cause of action such as, if proved, would entitle the plaintiff to a recovery.

The rule is well established and generally recognized in this and other jurisdictions that while mandamus does lie to compel an inferior tribunal to act upon matters presented for adjudication, if within its jurisdiction, it is not available to require the exercise of judicial discretion or judgment in any particular manner, or to reverse a decision when made if erroneous. Its office is to compel the exercise of judicial action, but not to determine what the result of the adjudication shall be. When directed to tribunals exercising judicial functions, its office is to set in motion the performance of some duty legally incumbent upon them requiring positive action, to the enforcement of which the relator has a clear legal right without other adequate specific remedy whereby he may enforce the right or the performance of the duty. *Thomas* v. *Mason,* 39 W. Va. 526; *Ratliffe* v. *County Court,* 36 W. Va. 202; *Hutton* v. *Holt,* 52 W. Va. 672; *Fleshman* v. *McWhorter,* 54 W. Va. 161. It is the proper remedy to compel tribunals exercising judicial powers to act, when they refuse to act in disregard of the duty legally imposed upon them; but it is never employed to prescribe what they shall do in any given case, or to correct the errors they may commit. *County Court* v. *Holt,* 61 W. Va. 154. And before the peremptory writ will issue to compel action, it must be made to appear that the relator has demanded action and the court has declined to proceed in determining a mater cognizable by it. *Welty* v. *County Court,* 46 W. Va. 460; *Fisher* v. *Charleston,* 17 W. Va. 595.

Upon a discussion of the merits of the question, whether without a judgment therefor rendered in the proceeding in which they were incurred an action may be maintained to recover such costs, we do not propose to enter. Nor, indeed, is it permissible so to do upon this writ; since, as we have seen, it is not an appellate process.

Clearly, there is lack of merit in the further contention, suggested in argument, that where a writ of error will not lie to a judgment, because for an amount not within the jurisdiction of this court, mandamus will lie, as otherwise there is no remedy available in such case. Spelling on Extraordinary Remedies, §1373, cited and quoted in *Fleshman v. McWhorter,* 54 W. Va. 160, fully answers this argument.

Writ denied.

*Writ of mandamus refused.*