# CHARLESTON.

## Rosin Coal Land Company v. Martin.

Submitted October 2, 1917.   Decided October 9, 1917.

1. COURTS—*West Virginia Intermediate Courts—Constitutionality of* *Statute.*

   Section 2, chapter 25, Acts of the Legislature 1907, giving to the intermediate court of Kanawha County, jurisdiction concurrently with the circuit court, of appeals from judgments of justices, and under the same regulations provided in the general law for such appeals, is constitutional and valid, and is no infraction of section 12, Article VIII, of the constitution.  (p. 35).

2. SAME—*Jurisdiction—Supreme Court of Appeals—Statute.*

   By section 20, chapter 25, Acts 1907, where upon appeal the judge of the circuit court deems the judgment or order of the intermediate court plainly right, and rejects the appeal on this ground, the petition of the appellant to the circuit court, and such order of rejection, may be presented to this court for an appeal from such order of rejection with the same effect as upon original petition to this court therefor and no other petition is required. (p. 37).

3. APPEAL AND ERROR—*Appellate Process—Correction.*

   The process of this court awarded upon such petition errone-ously reciting the date of the judgment of the intermediate court instead of the date of such order of rejection of the circuit court as the judgment or order appealed from constitutes a mere clerical error, correctible by the record.  (p. 37).

4. LANDLORD AND TENANT—*Landlord's Title—Estoppel.*

When the relationship of landlord and tenant has been once established the tenant with few exceptions is thereafter estopped to deny his landlord's title in any action brought against him by the landlord to vindicate his rights under the tenancy.  (p. 37).

5. SAME.

And the rule just stated applies where the tenant was let into possession by the landlord, or thereafter retained possession of the land under the lease.  (p. 37).

6. EVIDENCE—*Parol Evidence—Lease.*

When a tenant has been let into possession or retained possession under such lease, he will not thereafter be permitted by oral testimony in the absence of fraud or mistake to engraft on the original lease any condition subsequent going to defeat the lease and contrary to its terms.  (p. 38).

7. SAME—*Parol Evidence—Lease—Fraud or Mistake.*

And to avoid such estoppel for alleged fraud or mistake the fraud must have been that of the lessor inducing the tenant to enter into the contract, or the mistake one of fact which was also induced by him.  (p. 39).

Error to Circuit Court, Kanawha County.

Action of unlawful detainer by the Rosin Coal Land Company against Ephriam Martin.  Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*Payne, Minor & Bouchelle* and *Price, Smith, Spilman & Clay,* for plaintiff in error.

*E. B. Dyer* and *Morgan Owen,* for defendant in error.

MILLER, JUDGE:

In unlawful detainer by landlord against tenant, begun before a justice and upon appeal by plaintiff, first to the intermediate court of Kanawha County, and then to the circuit court, the only defenses interposed by defendant were, first, that the title to the land sued for would come in question; second, that when he entered into the lease contract with plaintiff he was already in possession of the land and signed the same upon condition that if plaintiff did not have title to the land, and it proved to be a part of the

Dryden land said lease was to be of no effect, and that upon a survey subsequently made by a surveyor of the Dryden property it was discovered that the land covered by said lease was entirely within the boundaries of the Dryden tract.

Plaintiff in reply to defendant's affidavit filed the affidavit of its general manager, showing the facts and circumstances connected with the execution of said lease, and denying that the title to the land could come in question on the trial of said action. The justice concluding that the title would come in question dismissed the action, and on appeal by plaintiff to the intermediate court, that court entertained and sustained the motion of defendant to dismiss the action on the same ground; and on presentation by plaintiff of its petition to the circuit court for an appeal from the judgment of the intermediate court, the circuit court deeming the judgment of the intermediate court plainly right was of opinion to and did refuse the writ of error and supersedeas prayed for, and upon the record and petition presented to the intermediate court with its order of rejection a writ of error and supersedeas was allowed by this court as prayed for in said petition.

When the case was called for argument here defendant by counsel interposed a motion to dismiss upon three grounds: First, because the intermediate court is without jurisdiction to entertain appeals from the judgment of justices of the peace; second, because no petition or application was made to this court from the order of the circuit court refusing or rejecting the writ of error prayed for; third, because this court is without jurisdiction to award an appeal or writ of error from any inferior court except the circuit court or those courts mentioned in the constitution.

On the first ground it is conceded that section 2, of chapter 25, Acts of the Legislature 1907, relating to the establishment and jurisdiction of said intermediate court in terms gives said court jurisdiction concurrent with the circuit court of appeals from judgments of the justices of said county and "under the same regulations as provided in the general law for appeals from justices." But it is contended

that by section 12, Art. VIII, of the constitution, such appellate jurisdiction is vested exclusively in the circuit court, and that the legislature was without authority to confer the same concurrently or otherwise upon the intermediate court, upon the principle announced in the recent case of *Robinson v. Charleston Interurban R. Co.*, 80 W. Va. 290, 92 S. E. 441. What we decided, and all that was decided in the Robinson Case was, that section 22, chapter 109, Acts of 1915, which undertook to confer jurisdiction on the court of appeals directly from the judgments of the common pleas court of Kanawha County, a court of inferior jurisdiction, created by the legislature pursuant to section 19, Art. VIII, of the constitution, was void, as depriving the circuit courts of the appellate jurisdiction conferred upon them by said section 12, of Art. VIII, of the constitution. Said section 12, of Art. VIII, does give the circuit court jurisdiction by appeal "in all cases, civil and criminal, where an appeal, writ of error or supersedeas may be allowed to the judgment or proceedings of any inferior tribunal"; it also gives them "such other jurisdiction, whether supervisory, original, appellate, or concurrent, as is or may be prescribed by law." True the first part of the same section provides: "The circuit court shall have the supervision and control of all proceedings before justices and *other inferior tribunals,* by mandamus, prohibition and certiorari," clearly indicating that justices are "inferior tribunals" recognized thereby, and from whose courts appeals lie to the circuit court. But can this section of the constitution be construed as limiting appeals in the first instance to the circuit court? We think not. Section 19 of the same article of the constitution clearly gives the right to the legislature to "establish courts of limited jurisdiction * * * * with the right of appeal to the circuit court, subject to such limitations as may be prescribed by law." Such inferior tribunals when so created would necessarily have to be given some authority and jurisdiction original at least already vested by the constitution in the circuit court, else there would be nothing for them to exercise jurisdiction upon, and their creation would be nugatory. And if the legislature could thus vest them with authority over sub-

jects already within the original ·jurisdiction of the circuit court, why not also with subjects of their appellate jurisdiction.   There is nothing in the constitution prohibiting it; indeed such legislative authority seems to fall clearly within the spirit, if not the letter, of the constitution.   And with right of appeal from the judgments and decrees of such inferior tribunals to the circuit court, we can not see that the constitutional rights of any citizen have been in any way invaded by the statute here involved.

On the second ground for the motion, that no petition for an appeal or writ of error from the order of rejection of the circuit court was presented to this court, the plaintiff pursued the practice prescribed by section 20, of chapter 25, Acts 1907.   That section provides: ''In a case wherein the appeal, writ of error or supersedeas is· to the circuit court and the court or judge thereof deems the judgment or order plainly right, and rejects it on this ground, if the order of rejection so state, no further petition shall afterwards be presented for the same purpose, but the ·petition and order of rejection with the transcript of the record may be· presented to the supreme court of appeals, or judge thereof in vacation, for an appeal from said order of rejection; if the matter is one of which said supreme court of appeals has jurisdiction and, if allowed, the same proceeding may be had thereon as if the same was a petition originally from the circuit court of said county to the supreme court of appeals.''   We observe that while the plaintiff followed strictly the practice prescribed by the statute, the writ issued out of this court was to the judgment of the circuit court pronounced on February 23, 1916, which was not the date of the judgment of rejection of that court, but of the judgment of the intermediate court.   This˄was a mere clerical error in issuing the writ, correctible by the record, and the point is without merit.   What we have just said on the second ground of the motion fully answers the third and last ground thereof.   We, therefore, overrule the motion to dismiss upon all the grounds assigned.

On the merits, was the judgment below erroneous in dismissing the case on the ground that the title to the land was

involved? It is conceded that whenever the relationship of landlord and tenant has once been established the tenant with few exceptions is thereafter estopped from denying his landlord's title in any action brought against him by the landlord to vindicate his right under the tenancy, and that the title to the land cannot be brought in question therein. *Voss* v. *King,* 33 W. Va. 236; *Id.* 38 W. Va. 607; *Stover* v. *Davis,* 57 W. Va. 196; *Point Mt. Coal and Lumber Co.* v. *Holly Lumber Co.,* 71 W. Va. 21, 23; *Harman* v. *Lambert,* 76 W. Va. 370; *Union Trust & Deposit Co.* v. *Paulhamus,* 74 W. Va. 1; *Pribble* v. *Stanley,* 74 W. Va. 75.

And, according to these and many other authorities, this rule applies in full force whether the tenant was let into possession by the landlord, or was in possession of the land at the time he accepted the lease. *Emerick* v. *Tavener,* 9 Grat. 220; *Locke* v. *Frasher,* 79 Va. 409; Jones on Landlord and Tenant, section 687; McAdam on Landlord and Tenant, section 421, p. 1444.

Defendant admits the making and acceptance of the lease from plaintiff, but having been already in possession of the land, he undertook to bring himself within some exception to the general rule denying him the right to involve the title; he also averred in his affidavit that at the time he signed and accepted the lease there was a cotemporaneous or collateral oral agreement that if the lessor did not have title to the land, and it proved to be the Dryden's land, the lease would be of no effect. It is not pretended that this question of title as between plaintiff and Dryden has ever been judicially or otherwise determined; the only allegation is that some surveyor, in surveying the Dryden land took in the lands sued for, and not that the event on which the lease was by the alleged contract to become void had ever occurred. The mere survey would not settle the title. That defendant signed and accepted the lease from plaintiff and continued to remain on the land thereunder is not controverted. The alleged agreement would not amount to a condition precedent to the going into effect of the lease, but, if anything, a condition subsequent going to defeat the lease by the happening of the event contemplated, a condition inconsistent with the

terms of the lease, and one which the law of contracts does not permit a party to engraft on his contract by parol testimony. *Hukill* v. *Guffey*, 37 W. Va. 425; 17 Cyc. 642.

Nor is the theory of fraud or mistake well founded. Indeed it is not pretended that plaintiff induced him to sign and accept the lease by any fraudulent representation, nor that he signed the same by mistake on his part. To avoid estoppel for alleged fraud or mistake there must have been fraud by the lessor whereby the tenant was induced to enter into the contract or some mistake of fact which was induced by him. *Alderson* v. *Miller*, 15 Grat. 279. And the fraud or mistake which will relieve the tenant from the effect of his contract must be such as would entitle him to relief in a court of equity. Underhill on Landlord and Tenant, 929; *Thayer* v. *Society*, 20 Pa. St. 60.

Our conclusion, therefore, is to reverse the judgment of the circuit court denying the writ of error and supersedeas prayed for, and to enter such judgment here as we think the circuit court should have entered, reversing the judgment of the intermediate court of Kanawha County, and to remand the cause to the circuit court to be therein further proceeded with in accordance with the principles herein enunciated and further according to law.          *Reversed and remanded.*