# CHARLESTON.

STATE *ex rel* P. B. BUXTON *v.* W. H. O'BRIEN AND THE
COUNTY COURT OF MASON COUNTY

Submitted June 7, 1924.     Decided October 14, 1924.

1. MANDAMUS—*Never Employed to Prescribe Manner in Which Officers and Tribunals Shall Act or to Correct Their Errors.*

   Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made. (p. 350).

2. CLERKS OF COURTS—*Concurrent Action of Judge Circuit Court and County Court, Acting as Court, Necessary to fix Amount to be Expended for Clerk Circuit Court for Deputies and Assistants.*

   Under section 40 of chapter 137 of the Code, the judge of the circuit court, and the county court, or the tribunal in lieu thereof, are required to concurrently fix the amount to be expended for the office of the clerk of the circuit court for deputies and assistants, and in acting in this capacity the county court acts as a court and not as individual members thereof, and no amount can be fixed unless the said county court and the judge of the circuit court concur in fixing the same. (p. 350).

Original proceeding in mandamus by the State, on the relation of P. B. Buxton, Clerk of Circuit Court of Mason County, against Hon. W. H. O'Brien, Judge of Circuit Court of Mason County, and others.

*Writ refused.*

*B. H. Blagg* and *F. G. Musgrave,* for relator.
*Robert L. Hogg,* for respondents.

McGINNIS, JUDGE:

An alternative writ was awarded by this court against the county court of Mason County, and W. H. O'Brien, judge of the circuit court of said county, upon the petition of P. B.

Buxton, clerk of the circuit court of said county. The writ
was made returnable before this court on the 29th day of
May, 1924, and was so served upon the respondents.

The writ alleges that the relator is clerk of the circuit
court of Mason County; that his duties as such clerk are
many and onerous, and that by reason of said many duties
required of him by law, it is necessary that he have clerical
assistance in the performance of the duties so required of
him.

That pursuant to section 40 of chapter 137 of Barnes'
Code, relator filed with the county court of said county, on
or before the first day of December, 1923, as required by law
a detailed statement of the probable amount necessary to be
expended for deputies and clerical assistance, naming as his
deputy one D. W. Brown, and requesting that he be paid
$100.00 per month; that said amount is reasonable, that said
statement was carefully made, and that the amount set forth
therein is no more than is necessary to carry on the work of
said office; that it became the duty of the county court, not
later than fifteen days after the filing of said statement, to
meet and consider the same concurrently with the judge of
the circuit court of said county, and to determine and fix an
aggregate sum to be expended for the period covered by same
for each deputy and assistant. And further alleges that said
county court disregarded its duty in this respect, in that it
did not meet concurrently with the judge of the circuit court
of said county and take up and consider said statement, and
determine and fix an aggregate sum to be expended for depu-
ties and assistants in said office, and has wholly failed to do
so.

That with utter disregard for its duties in the premises,
and without the concurrent action of the judge of the cir-
cuit court of said county, and without considering or at-
tempting to ascertain the amount of work necessary to be
done in said office, the county court met on the 15th day of
December, 1923, and independently of one of its own mem-
bers, and without the concurrent action of the judge of the
circuit court of said county, pretended to fix the amount to
be so paid at $175.00 per year. That said sum is grossly
inadequate; that the action of the county court in pretending

to fix said amount was arbitrary and capricious, and evidences a purpose to evade the due and faithful performance of its duty in this regard, and is a plain abuse of its discretionary power.

The writ further alleges, that as required by law, the relator proceeded to employ, in the month of December, 1923, such deputies as was necessary for his office, and to fix their compensation, and that so acting he employed D. W. Brown, a competent person as his deputy and fixed his compensation at $100.00 per month for said year, and so reported to the said county court; that since the appointment of said Brown he has at all times been faithfully performing his duties as such deputy clerk, and that said county court has failed and refused to pay said compensation to said Brown; that unless the county court is required to pay for the services of a deputy, relator will be unable to secure assistance necessary for the proper conduct of said office; that the work required to be done in said office is more than can be done by one man, and that relators salary as clerk is only $1,800.00 per annum, and that he cannot afford to pay for the services of a deputy from his own salary; that unless the services of a deputy are paid for by the county court that relator will have to do without the services of a deputy, and so will be greatly handicapped in the performance of his duties, and the interests of the state and county, as well as those having business with said court will seriously suffer thereby.

On the prayer of relator an alternative writ of mandamus was issued requiring the Honorable W. H. O'Brien, judge of the circuit court of Mason County, West Virginia, and the county court of said county to forthwith meet and concurrently consider the statement of the amount necessary to be expended for deputies and assistants filed by the relator on the first day of December, 1923, and to make an adequate and proper allowance for the compensation to be expended for such deputies and assistants for said office, regard being had for the amount of labor necessary to be expended in the performance of the required duties, or that they appear before the judges of this court on the 29th day of May, 1924,

at 10 o'clock A. M., and show cause, if any they can, why they refuse so to do.

The county court made and filed its return to said alternative writ, denying that it was necessary for the clerk of the circuit court of Mason County to employ an assistant, and alleging that the detailed statement filed by the clerk of said circuit court of the probable amount necessary to be expended for clerical assistance for the year 1924, as set forth in said writ, was filed by him as set forth in said writ, but that said statement was not verified as required by law, and for that reason was not in proper form to be acted upon by this court; that estimate was not carefully made in that it is not necessary to have employed an assistant; that within fifteen days after the filing of said statement that it did take up and consider the same, and did determine and fix an aggregate amount to be expended by relator for deputies and assistants; and that said sum so fixed was $175.00 per annum; that said sum was reasonable and proper, regard being had for the amount of labor to be expended by such deputy or assistant.

That it had at all times co-operated with the judge of the circuit court in fixing the salaries of the assistants and deputies required by the clerk of the circuit court; that the judge of said court had knowledge of said meeting to be held by the county court, at which the aggregate sum to be paid the clerk of the circuit court for deputies and assistants was to be fixed and determined, and that said judge addressed a communication to the county court in which he specifically requested that an allowance of $100.00 per month be made as compensation for the deputy circuit clerk, and so in making the allowance of $175.00 per year the county court was acting concurrently with the judge of the circuit court in fixing the amount to be paid to the deputy circuit clerk; that in obedience to the command of this court said respondents did, on the 28th day of May, 1924, meet with the said judge, and concurrently consider the statement and estimate of the amount necessary to be expended for deputies and assistants; that at this meeting the judge of the circuit court and the couny court sat as one body and the result was that the two members of the county court present, were in favor

of allowing $175.00 per annum, and that the said judge was in favor of allowing $75.00 per month, as compensation for a deputy circuit clerk; that the two members of the county court constituted a majority of the concurrent body and refused to disturb the amount of the allowance made in December, 1923; that said county court acted in good faith, and as an absolute matter of necessity, for under the present state of finances of the county, an allowance of an amount in excess of that sum would mean the incurrence of an obligation that could not be paid out of the current levy.

Honorable W. H. O'Brien, judge of the circuit court of Mason County, filed his return to said writ, in which he says that he makes no denial of the matters and things charged in the petition, and that he is informed and believes they are true; that he was informed of the statement and estimate filed with the county court as stated in the petition, and of the amount therein estimated as necessary to be expended for deputies and assistants for said clerk's office, to-wit, the sum of $100.00 per month; that from his own personal knowledge of the work necessary to be done in order to keep the records of said office in proper condition, and to perform the other duties which the law provides must be done and performed by said clerk, he thought then, and still thinks, that said sum would be reasonable in the premises, having due regard to the amount of labor necessary to be performed, and that he so informed the members of the county court and asked that the said sum be allowed, and that he expected the said county court to make said allowance, or at least give respondent information of its non-concurrence therein, so that he and the said county court could meet and adjust any differences that might exist as to the proper allowance that should be made, as required by law. But that the said county court disregarding his suggestion in the matter, and without giving respondent any information of its non-compliance therein, attempted to fix said amount at the sum of $175.00 per annum, which said sum respondent says is wholly inadequate and insufficient; that he learned of the action of the county court in this regard, and that he went to the said county court and insisted that it unite with him in fixing a just and reasonable sum to be allowed for deputies and assistants in

said clerk's office, as required by law, and he then and there proposed to said court, that in view of the injury to public interest that would result from its continued failure and refusal to act as required by law, he was willing to agree on an allowance of $75.00 per month for one deputy for said clerk's office, but that said county court then and there refused to further consider the matter and refused to make any change in its pretended action as aforesaid.

That after the alternative writ herein mentioned had been awarded and served upon him, he did, on the 28th day of May, 1924, come from his home in the town of Ripley to the city of Point Pleasant, and then and there again meet with the said county court in obedience to said writ, and then and there attempted as required by said writ to get the county court to concurrently consider with him, the statement and estimate of the amount necessary to be expended for deputies and assistants, filed by the clerk as aforesaid; that he attempted to induce the county court to make concurrently with him an adequate and proper allowance to be expended for the compensation of such deputies in and for said office, regard being had for the amount of work and labor necessary to be expended in the performance of the duties of deputy clerk; that the said county court then and there refused and declined any further allowance than the sum of $175.00 per year; that he offered and proposed to the said county court to reduce the allowance of $1,200.00 per year to $75.00 per month, which offer so made by him the county court refused to accept.

Respondent further says that for the past eleven years he has been judge of the circuit court of Mason County and that from his experience as such judge, he is satisfied that the sum of $75.00 per month as compensation for a deputy circuit clerk is not unreasonable under the circumstances, but that considering the amount of work necessary to be done in said office the sum is small but may be adequate; that he believes that a less sum would seriously interfere with the efficiency of the said office and would therefore be detrimental to the public interest in said County of Mason. He further avers that he used his best endeavors to comply with the alternative writ of mandamus awarded against him by this court

and has failed, and still fails to come to any agreement with the county court, through no fault of his, as he verily believes, and therefore submits the whole matter to this court.

Relator demurred to the return of the county court and replied generally, and also filed a special replication thereto, which special replication denies the necessity of the county court to expend the sum set up by it in its return, and sets forth specific unauthorized allowances alleged to have been made by the county court. In support of the writ several affidavits were filed, but the fact that the county court in obedience to the alternative writ of mandamus herein, did meet with the judge of the circuit court for the purpose of considering the detailed statement filed by the clerk of the circuit court, and for the purpose of fixing the amount to be expended for deputies and assistants for the office of the circuit clerk, did concurrently consider the matter, and that they failed to agree on the amount to be so expended, is not denied, and the only question as we now see it is, can this court by mandamus compel them to agree? We think not.

The county court and said judge in meeting to concurrently consider the amount of compensation, as set out by the detailed statement of the clerk, to be paid the deputy clerks and assistants were acting in their ministerial capacity, even though they were clothed with discretionary powers, and while mandamus will lie to compel them to so meet, yet it will not lie to compel them to act in any particular manner or fix any particular sum. The duty to fix this amount is imposed by statute, but what that amount shall be seems to be entirely discretionary with them under the requirements of the law.

> "Judges and courts like all other tribunals, may be compelled by the writ of mandamus to perform any ministerial act upon refusal so to do. So when any duty devolves upon them which calls for judgment and discretion, they cannot ignore it, but may be compelled by this writ to take cognizance thereof, and come to some conclusion thereon, but the writ will in no manner direct the form or the nature of such conclusion." Merrill on Mandamus, section 189.

That portion of section 40 of chapter 137 of Barnes' Code which is here material is as follows: "Provided the amount to be expended for the office of clerk of the circuit court shall be fixed by the concurrent jurisdiction of the county court, or tribunal, in lieu thereof, and the judge or judges of the circuit * * * court," etc. Thus it will be seen that under this section, the amount to be expended for the clerk of the circuit court shall be fixed by the concurrent action of the county court and the judge of the circuit court. The county court acting under this section, although composed of three members cannot fix any amount for said purposes unless its action is concurred in by the judge of the circuit court. It cannot be fixed by a majority vote of the individual members of the court and the judge of the circuit court, and under the facts of this case no amount has been fixed, no amount has concurrently been agreed upon or fixed. The county court attempted to fix the amount at $175.00 per annum, and the judge of the circuit court at $75.00 per month. This leaves the amount unsettled and the clerk of the circuit court, although admittedly entitled to some compensation for deputies and assistants and other employees of his office, that compensation has not been fixed. The county court seems to have acted upon the erroneous assumption that the fixing of this amount could be arrived at by a majority vote of the meeting, consisting of the individual members of the county court and the judge of the circuit court, but a casual reading of the statute will dispel that assumption, the judge of the circuit court has the same power as the county court in fixing the amount. The county court must act in its capacity as a court, and the judge of the circuit court is given equal jurisdiction and power to fix the amount, and it is not fixed until they agree as stated above. However mandamus will not lie to compel them to fix any particular sum.

> "Mandamus is the proper remedy to compel tribunals and officers exercising discretionary powers to act when they refuse to do so in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made." Point 1 of the syl. in *County Court* v. *Holt, Judge.* 61 W. Va. 154; *Miller* v. *County Court,* 43 W. Va. 285;

State v. *County Court*, 33 W. Va. 589.    State v. *Herrald*, 36 W. Va. 721; *Marcum* v. *Commissioners*, 42 W. Va. 263; *Weider* v. *Keller, Judge*, 88 Va. 281.

The peremptory writ will therefore be refused.

*Writ refused.*