C. S. WILEY *v.* THE COUNTY COURT OF MERCER COUNTY

*and*

ORITA O. BOOKER *v.* THE COUNTY COURT OF MERCER COUNTY

(Nos. 7290 and 7291)

Submitted February 23, 1932. Decided March 1, 1932.

*Russell S. Ritz,* and *A. W. Reynolds,* for relators.
*Hugh G. Woods,* for respondent.

MAXWELL, JUDGE:

Relators are deputies of the clerk of the circuit court of Mercer County, ex-officio clerk of the criminal court of said county. For the years 1928 to 1931, inclusive, relator Wiley was paid a salary of $200.00 per month, and relator Booker $175.00. Acting under requirements of Code 1931, 7-7-7,

the circuit clerk, in November, 1931, filed with the county court a statement of the proposed budget of expenditures for his office for the year 1932. By this statement it was proposed to continue the salaries of relators on the existing basis. The statement contains the endorsements of approval of the judges of the circuit and criminal courts, respectively. The proposed budget was in the aggregate of $4,700.00, composed of the items $2,400.00 for deputy Wiley, $2,100.00 for deputy Booker, and $200.00 extra help.

On the 15th day of December, 1931, the county court entered an order reciting that "the County Court having this day considered said statement does hereby appropriate the sum of $4,230.00, being the sum of $4,050.00 for deputies or assistants and $180.00 for extra help, for said year." On the 23rd of January, 1932, the county court entered another order in which, following a recital of the filing of the statement of the circuit clerk in November with the endorsements of approval of the judges of the circuit and criminal courts, respectively, there is this pronouncement: "The County Court having adopted the policy of reducing salaries of certain employees in the County Clerk's Office, in the Assessor's Office, in the Sheriff's Office and in the Circuit Clerk's Office, and failing to get a joint meeting with the Judge of the Circuit Court and the Judge of the Criminal Court, reduced the amount stated by L. T. Reynolds, Clerk of the Circuit and Criminal Courts, 10%, that is to say: from $4,700.00 to $4,230.00 * * *." For the month of January the county court caused its clerk to issue to realtor Wiley a draft on the county treasurer for the sum of $180.00, and to relator Booker a draft for 157.50. These drafts were refused.

Relators pray that the county court be required to continue to pay their salaries on the old basis of $200.00 and $175.00 per month, respectively, until the county court and the judges of the circuit and criminal courts agree and order otherwise, and for general relief.

In mandamus there must be clear legal right of the relator to have performance of the act of which he seeks to coerce performance, and there must be a plain duty to perform it on the part of the respondent. *Smith* v. *Road Commission,*

·110 W. Va. 296, 158 S. E. 163; *Reynolds* v. *Fielder*, 110 W. Va. 240, 157 S. E. 597. In the case at bar the relators do not have such clear legal right because, under the statute (Code 1931, 7-7-7), a deputy of a circuit clerk is entitled only to such compensation as is provided for by the concurrent action of the judges of the trial courts of the county and the county court. The phraseology of the statute indicates that it was the legislative contemplation that in each instance there would be such concurrent action, but the fact that there is no such concurrence in a given case does not afford ground for mandamus by this Court to require payment of salary on basis formerly existing or on any other particular basis. This Court may, by mandamus, compel such officials to act, but it may not prescribe in what manner they shall act. *Buxton* v. *O'Brien*, Judge, 97 W. Va. 343, 125 S. E. 154.

Since this Court would not be warranted in requiring the county court of Mercer to continue to pay to the relators the salaries which they were receiving prior to 1932, we refuse the writ.

*Writs refused.*