## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Insco,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0698** (Cabell County 19-C-300)

**John Anderson, Superintendent,**
**Salem Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Insco, self-represented litigant, appeals the July 16, 2019, order of the Circuit Court of Cabell County dismissing his petition for a writ of habeas corpus, in which petitioner requested a discharge from custody due to alleged cruel and unusual punishment. Respondent John Anderson, Superintendent, Salem Correctional Center, by counsel Briana J. Marino, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2018, petitioner was convicted in the Circuit Court of Cabell County of possession with intent to deliver a controlled substance, conspiracy, and retaliation against a public officer, for which he was sentenced respectively to consecutive terms of one to fifteen years, one to five years, and one to three years of incarceration in the custody of the West Virginia Division of Corrections and Rehabilitation ("the DCR"). Prior to his incarceration in 2018, petitioner was diagnosed with Hepatitis C.

On June 3, 2019, petitioner filed a grievance alleging that the health care provider at his

1

correctional facility was only monitoring his condition rather than treating it. On June 5, 2019, petitioner received a response from Registered Nurse Stacey Knight:

> This is in response to your grievance dated 6/5/2019 [sic]. After reviewing your grievance, I found that you do not meet guidelines set forth to begin treatment. A referral is made to the infectious disease physician, Dr. Paul[,] based on lab results. Guidelines are as follows: APRI >0.7, Platelet count <170,000, Albumin <3.5[,] and INR >1. Your lab results are as follows: APRI 0.4, Platelet count 281,000[, and] Albumin 5.0. The lower the APRI score, the greater the negative predictive value and ability to rule out cirrhosis. In the presence of stable liver disease, the recommendations are to repeat your lab work in 6 months, which you are scheduled for. At that time, results will be reviewed[,] and a referral made if lab values meet criteria. Guidelines and treatment are based on [Centers for Disease Control and Prevention] recommendations.

On June 11, 2019, petitioner appealed the denial of his grievance to respondent. On June 14, 2019, respondent affirmed the grievance denial, stating that the medical judgment of the facility's health care provider would not be disturbed.

On June 25, 2019, petitioner filed a petition for a writ of habeas corpus in the circuit court, alleging inadequate medical treatment of his Hepatitis C and requesting a discharge from custody. The circuit court initially reviewed the petition pursuant to the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia. By order entered on June 27, 2019, the circuit court appointed habeas counsel for petitioner and issued a scheduling order on July 3, 2019. However, by order entered on July 16, 2019, the circuit court further reviewed the petition and found that "a [p]etition for [a] [w]rit of [m]andamus would be a more appropriate method to direct the [DCR] to adequately address [petitioner's] medical needs." Accordingly, the circuit court dismissed the petition.

Petitioner now appeals the circuit court's June 25, 2019, order dismissing his habeas petition. In determining whether medical treatment afforded to a prisoner meets constitutional standards, we have held:

> Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain which is proscribed by the prohibition on cruel and unusual punishment in the Federal and State Constitutions.

> To establish that a health care provider's actions constitute deliberate indifference to a prison inmate's serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness.

> . . . .

> "Mandamus is a proper remedy to compel tribunals and officers exercising

2

discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made." Syllabus Point 1, *State ex rel. Buxton v. O'Brien*, 97 W. Va. 343, 125 S.E. 154 (1924).

Syl. Pts. 4, 5, and 8, *Nobles v. Duncil*, 202 W. Va. 523, 505 S.E.2d 442 (1998).

On appeal, petitioner argues that the circuit court's dismissal was improper because a habeas proceeding is also available to challenge the constitutionality of prison conditions. *See State ex rel. Anstey v. Davis*, 203 W. Va. 538, 544, 509 S.E.2d 579, 585 (1998). Respondent counters that the circuit court properly dismissed the habeas petition. We agree with respondent.

Petitioner acknowledges that he has filed a civil action against Wexford Health Sources, Inc. ("Wexford"), the health care provider at his correctional facility, in the United States District Court for the Southern District of West Virginia ("federal district court"). We take judicial notice of *Insco v. Wexford Health Sources, Inc.*, No. 2:19-cv-00612 (S.D. W. Va. August 21, 2019), and the pleadings therein.[1] We find that, in the amended complaint in that case, filed on December 2, 2019, petitioner asks for an order "directing [Wexford] to treat [petitioner] or refer [petitioner] for treatment of his [H]epatitis C." Accordingly, we conclude that the circuit court's dismissal of the instant habeas case did not constitute an abuse of discretion given that court's finding that a mandamus action would better "address [petitioner's] medical needs" and petitioner's acknowledgement that he has raised this precise issue in a companion action presently pending in the federal district court.

For the foregoing reasons, we affirm the circuit court's June 25, 2019, order dismissing petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[1]We further note that petitioner has legal representation in this federal case.

3