424 S.E.2d 763

FRANCIS O. DAY CO., INC.,
Plaintiff/Petitioner Below,
Appellee,

v.

THE WEST VIRGINIA RECLAMATION
BOARD OF REVIEW, Defendant/Respondent Below, Appellant.

Murrall Limited Partnership; Sandra Shade; James and Betty Hunter; Gary and Gloria Willis; and Berkeley County Public Service District, Intervenors.

Elmer Vickers, Mary Catherine Vickers, Emmett Moler, Jr., Florence Moler, and Citizens Against the Quarry, Intervenors.

Board of Trustees of the University of West Virginia System, Intervenor.

Division of Environmental Protection of the West Virginia Department of Commerce, Labor and Environmental Resources, Intervenor.

No. 21261.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 22, 1992.

Decided Dec. 11, 1992.

Charles McElwee, David L. Yaussy, Christopher B. Power, Robinson & McElwee, Charleston, for the appellee, Francis O. Day Co., Inc.

Mario J. Palumbo, Atty. Gen., Maria M. Fakadej, Senior Asst. Atty. Gen., Stephen R. Van Camp, Mark J. Rudolph, Asst. Attys. Gen., Charleston, for the appellant, The West Virginia Reclamation Bd. of Review.

Hoy Shingleton, Benjamin L. Bailey, Kenneth E. Webb, Jr., Bowles Rice McDa-vid Graff & Love, Charleston, for intervenors Murrall Limited Partnership, *et al.*

Braun A. Hamstead, Nancy A. Dalby, Hamstead & Associates, L.C., Charles Town, co-attys. for intervenors Sandra Shade, James and Betty Hunter, and Gary and Gloria Willis.

Tom Rodd, Morgantown, Larry Harless, Charleston, for intervenor Elmer Vickers, et al.

Mario J. Palumbo, Atty. Gen., Brentz H. Thompson, Senior Asst. Atty. Gen., Charleston, for intervenor Board of Trustees of the University of West Virginia System.

Mario J. Palumbo, Atty. Gen., Russell L. Hunter, Asst. Atty. Gen., Nitro, for intervenor Division of Environmental Protection of the West Virginia Dept. of Commerce, Labor and Environmental Resources.

NEELY, Justice.

This case presents the issue of what happens when an administrative agency is unable to act because it lacks the number of votes required by statute. Because the litigants in such cases should not be penalized by an administrative agency's inability to act, we find that the litigants can proceed to the next higher tribunal.

### I

The present case arose during the appeal process of a denial of a mining permit sought by Francis O. Day Co., Inc., when the West Virginia Reclamation Board of Review ("Board") was unable to muster enough votes to meet the statutory requirement to act on the denial of Day's permit by the Director of the Division of Environmental Protection ("DEP").

Day seeks a permit to quarry approximately three hundred acres for limestone in the Kearneysville area of Jefferson and Berkeley Counties. Day applied to the DEP in January 1989 for an application to acquire a permit pursuant to the West Virginia Surface Mining and Reclamation of Minerals Other than Coal Act, *W. Va. Code,* 22A–4–1 *et seq.* [1985] ("Surface Mining Act"). By letter dated 11 December 1991,

the Director of DEP denied Day's application.[1]

Day appealed the DEP's denial to the Board. After a hearing, the Board, on 28 May 1992, voted three to two to reverse the denial.[2] However because the Board's vote was one vote less that the four affirmative votes required by *W.Va.Code*, 22–4–1(c) [1990], the Board took no action on DEP's denial and, by unanimous vote, ordered the record closed.

Then, Day sought a declaratory judgment and a writ of mandamus from the Circuit Court of Kanawha County, alleging that because the Board had only five voting members, three of whom voted to reverse the DEP's denial, the Board should have reversed DEP's order. The circuit court found that although the statute required the concurrence of four Board members for the Board to act, given that a five member Board had considered the appeal, the Board had a non-discretionary duty to issue a ruling consistent with the majority vote of the Board and issued a writ of mandamus requiring that (1) the Board vacate DEP's decision and (2) the Director of DEP issue a mining permit and approval of Day's proposed groundwater infiltration system.[3]

Alleging that the circuit court's mandamus order requires the Board to act when it lacks statutory authority and directs the manner of its action, the Board appeals to this Court. Although the circuit court had denied the various motions to intervene, the intervenors' petitions to intervene in this Court were granted because the intervenors would be directly affected by the proposed quarry. The intervenors also participated when the matter was considered by the Board and DEP.

## II

■ *W.Va.Code*, 22–4–1(c) [1990] states, in pertinent part:

Four members shall constitute a quorum and no action of the board is valid unless it has the concurrence of at least four members....

The statute states that the concurrence of at least four members is necessary for an action of the Board to be valid.[4] Unless four members of the Board concur, the Board is without power to act on a matter. The Board, created by statute, is vested with only the powers granted by the Legislature. In Syllabus Point 3, *Mountaineer Disposal Service, Inc. v. Dyer*, 156 W.Va. 766, 197 S.E.2d 111 (1973), we stated:

Administrative agencies and their executive officers are creatures of statute

---

1. The briefs of Day and the intervenors indicate substantial evidence was presented to the Director and to the Board on the merits of the proposed quarry.

2. Day's appeal was heard by a five member Board rather than the seven member Board, provided for in *W.Va.Code*, 22–4–1(a) [1990], because only six members had been appointed and one of those six recused himself after Day raised concerns about a possible conflict of interest.

3. The status of Day's groundwater infiltration system is unclear. According to Day's brief, neither the DEP nor the Board entered an order concerning Day's proposed water management system. However, a decision on Day's proposed water management system is necessary only if Day's mining permit is approved.

4. *W.Va.Code*, 22–4–1(a) [1990] requires each Board member to possess a specific expertise by providing, in pertinent part:

One of the appointees to such board shall be a person who, by reason of his previous voca-

tion, employment or affiliations, can be classed as one capable and experienced in coal mining. One of the appointees to such board shall be a person who, by reason of his training and experience, can be classed as one capable and experienced in the practice of agriculture. One of the appointees to such board shall be a person who, by reason of his training and experience, can be classed as one capable and experienced in modern forestry practices. One of the appointees to such board shall be a person who, by reason of his training and experience, can be classed as one capable and experienced in engineering. One of the appointees to such board shall be a person who, by reason of his training and experience, can be classed as one capable and experienced in water pollution control or water conservation problems. One of the appointees to such board shall be a person with significant experience in the advocacy of environmental protection. One of the appointees to such board shall be a person who represents the general public interest. Not more than four members shall be members of the same political party....

and delegates of the Legislature. Their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim. They have no general or common-law powers but only such as have been conferred upon them by law expressly or by implication.

See Syllabus Point 3, *Appalachian Regional Health Care, Inc. v. W.Va. HRC*, 180 W.Va. 303, 307, 376 S.E.2d 317, 321 (1988) (holding that "absent specific statutory authority, an administrative agency cannot reopen a closed proceeding"); *United Mine Workers of America v. Scott*, 173 W.Va. 356, 364, 315 S.E.2d 614, 622 (1984) ("Operating through 'general consensus' is unlawful where the Legislature has mandated that a specific number of Board members must agree not to promulgate regulations when a coal mine fatality is involved").

Day argues that because its appeal was heard by a Board consisting of five members, *W.Va.Code*, 22–4–1(c) [1985], should be applied. When the Surface Mining Act was adopted in 1985, the Board consisted of five members (*W.Va.Code*, 22–4–1(a) [1985]) and three members constituted a quorum and "the concurrence of at least three members" was required for the Board to act validly. *W.Va.Code*, 22–4–1(c) [1985]. However, the Legislature amended *W.Va.Code*, 22–4–1, effective July 1, 1990, thereby increasing the Board's members to seven, the quorum requirement to four and the voting requirement for valid action to four. In *Serian v. State By and Through W. Va. Bd. of Optometry*, 171 W.Va. 114, 297 S.E.2d 889 (1982), we found that the failure of the governor to appoint lay persons to the board of optometry did not invalidate an action authorized by a quorum of board members. We said:

> We decline to aggrandize the language of *W.Va.Code*, 30–1–4a [1977], to the extent, suggested by the appellant, that the West Virginia Board of Optometry cannot transact business without lay members.

*Id.* at 118, 297 S.E.2d at 893. *See Wetzel County Solid Waste Authority v. W. Va. Div. of Natural Resources*, 184 W.Va. 482, 401 S.E.2d 227 (1990) (holding that an applicant for a solid waste permit is subject to requirements that came into effect after the initial complaint was filed).

■ Our traditional rule of statutory construction was stated in Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968).

> Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.

The plain language of *W.Va.Code*, 22–4–1(c) [1990], states that four members of the Board must concur before an action is valid. The statute does not authorize the Board to act on a simple majority vote even when a quorum is present and we decline to modify the statute. Although the circuit court correctly determined that the statute required the concurrence of four Board members for a valid action, the circuit court erred in finding that "[i]n the specific circumstances presented by this case ... the vote of three members of the five members of the Board ... is sufficient for the Board to take action...." Therefore, we find that because four members did not concur, the Board was unable to take a valid action regarding the DEP's denial of Day's permit application.

### III

■ Although the Board was unable to affirm, reverse or modify the DEP's decision, the Board's inability to act should not leave the litigants in limbo by ending prematurely the appeal process. When an administrative agency or board is unable to act because it lacks a statutory quorum or is unable to muster enough votes to meet a statutory requirement of a minimum number of votes necessary for a decision, the agency or board must enter an order allowing the litigants in the case before it to proceed to the next higher—judicial or administrative—tribunal.

In the present case, *W.Va.Code*, 22–4–3(a) [1985] grants a right to appeal the Board's order by providing, in pertinent part:

Within thirty days after receipt of *an order* from the board, any applicant, any person with an interest which is or may be adversely affected, or the appellee who has participated in the administrative proceedings before the board and who is aggrieved by the decision of the board *may obtain judicial review thereof by appealing* to the circuit court of Kanawha County or the county in which the surface-mining operation is located. (Emphasis added.) [5]

▮▮▮ We find that the right to appeal the Board's orders, granted in *W. Va. Code,* 22–4–3(a) [1985] exists in cases where the Board took a valid action on a DEP's decision and for orders where the Board was unable to muster enough votes for a quorum or to meet the statutory requirement of a minimum number of votes necessary for a decision. Although most of the Board's orders will affirm, reverse or modify the DEP's decision, when the Board is unable to act validly, the Board must enter an order allowing the litigants to "obtain judicial review." *W. Va. Code,* 22–4–3(a) [1985].[6] In such cases, the Board's order should acknowledge that it was unable to act on the decision and "shall contain a written finding by the board of the facts upon which the order is based." *W. Va. Code,* 22–4–2(h) [1985].

In the present case, we find that the circuit court erred in finding that the 28 May 1992 order of the Board could not be appealed. Because we find the Board's order to be appealable, the petition for a writ of mandamus should have been denied. *See* Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969) (stating the three elements necessary for a writ of mandamus); Syllabus Point 2, *State ex rel. Lambert v. Cortellessi,* 182 W.Va. 142, 386 S.E.2d 640 (1989) (holding that mandamus "is never employed to prescribe in what manner [officials] shall act or to correct errors they have made"); Syllabus Point 1, *State ex rel. Buxton v. W.H. O'Brien,* 97 W.Va. 343, 125 S.E. 154 (1924).

## IV

In the present case, Day has a right to appeal the 28 May 1992 order of the Board. Day attempted to exercise its right by filing its Complaint and Petition within the thirty day appeal period, thus tolling the running of the appeal period. On remand, provided Day fulfills the requirements stated in *W. Va. Code,* 22–4–3(a) [1985] within the remaining appeal period, the circuit court should, pursuant to Rule 15 of the *W. Va. Rules of Civil Procedure* [1978], allow Day to amend its pleadings and to proceed with consideration of Day's appeal.[7]

---

5. In its entirety *W. Va. Code,* 22–4–3(a) [1985] states:

Within thirty days after receipt of an order from the board, any applicant, any person with an interest which is or may be adversely affected, or the appellee who has participated in the administrative proceedings before the board and who is aggrieved by the decision of the board may obtain judicial review thereof by appealing to the circuit court of Kanawha County or the county in which the surface-mining operation is located. Any party desiring to so appeal shall file with the board a notice of appeal, designating the order appealed from, stating whether the appeal is taken on questions of law, questions of fact or questions of law and fact, and stating specific grounds upon which the appeal is based. A copy of the notice shall also be filed by the appellant with the court and shall be mailed or otherwise delivered to the appellee. The notice and copies thereof shall be filed and mailed or otherwise delivered within thirty days after the date upon which the appellant received notice from the board by certified mail of the making of the order appealed from. No appeal bond may be required to make effective an appeal on questions of law, questions of fact or questions of law and fact.

6. *W. Va. Code,* 22–4–1(a) [1990] indicates that the Legislature was aware that the all members of the Board would not be able to participate in each appeal because it requires the recusal of members in certain circumstances by stating, in pertinent part:

No member shall participate in any matter before the board related to a regulated entity from which the member receives or has received, within the preceding two years direct or indirect financial compensation.

.    .    .    .    .

7. Although Day urges this Court to rule on the merits of the Director's decision, we decline to do so because the matter has not been addressed by the circuit court.

The circuit court's order also denied the motions to intervene filed by "Murrall Limited Partnership and others, Citizens Against the Quarry, and the Division of Environmental Protection." Interested parties have a statutory right to intervene under *W. Va. Code*, 22–4–3(a) [1985]. *See* Section III quoting *W. Va. Code*, 22–4–3(a) [1985]. On remand the circuit court should reconsider the motions to intervene and should permit those parties who have any interest that would be affected to intervene.

For the above stated reasons, the order of the Circuit Court of Kanawha County is affirmed, in part, and reversed in part, and the case is remanded for proceedings consistent with this opinion.

Affirmed, in part, reversed, in part, and remanded.