# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Astar Abatement, Inc.,**
**Petitioner Below, Petitioner**

**vs) No. 12-0135** (Cabell County 11-C-264)

**Marshall University Board of Governors**
**and Stephanie Smith, Director of Purchasing,**
**Respondents Below, Respondents**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Astar Abatement, Inc. ("Astar"), by counsel Charles M. Johnstone, II and Sarah A. Stewart, appeals the Circuit Court of Cabell County's "Final Order," entered December 28, 2011, that denied Astar's petition for a writ of mandamus against respondents, the Marshall University Board of Governors and Stephanie Smith, Director of Purchasing (together denoted "MU"), for their alleged failure to find Astar to be the lowest responsible and responsive bidder for a contract to provide asbestos abatement and demolition services at Marshall University. MU, by counsel Jendonnae Houdyschell, filed a response in support of the circuit court's order. Astar filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 29, 2010, respondents issued a "Request for Bids" ("RFB") for an open-ended "Asbestos Abatement Contract MU" ("contract") worth more than $25,000. The RFB stated that MU sought "to establish an open-ended contract for on-call service, to be used on an as-needed basis, to remove and/or encapsulate Asbestos Containing Materials and to provide building/structural component demolition." The contract was for a period of one year, with the option to extend for up to five years.

The RFB required bidders to submit unit prices for 302 bid items within twenty-seven categories. The RFB apprised bidders that MU would evaluate the bids based on "unit price." Both Astar and Master Mechanical Insulation, Inc. ("MMI")[1] timely submitted their bids in December of 2010. Astar claims that it submitted the lowest unit price bid for 205 of the 302

---

[1] Astar contends that MMI ceased to exist on December 22, 2010, and, from that date forward, became Atlantic Plant Services, Inc. and/or Burmeck Industries, Inc.

1

required items and had a total unit price bid of $4,092.54. Astar claims that MMI had the lowest unit price on 97 of the 302 items and had a total unit price bid of $7,039.29.

MU states that its RFBs are governed by West Virginia Code §§ 18B-5-3 to -7 and its purchasing policy, Policy No. FA-9. MU adds that it follows the guidelines found in the West Virginia Higher Education Policy Commission's *Purchasing Procedures Manual*, although it is not required to do so.

MU evaluated the bids two ways: first, by evaluating the unit-prices within categories; and second, by applying the unit prices to nine scenarios that represented actual, past MU projects. Six of the nine scenarios involved asbestos remediation; the remaining three involved demolition. Respondent Stephanie Smith and Brian Carrico, Marshall University's Director of Health and Safety, found MMI to be the lowest responsible and responsive bidder. On January 7, 2011, MU notified all bidders it was recommending that MMI be awarded the contract.

Astar filed a protest on January 14, 2011. At a February 1, 2011, meeting on Astar's protest, Astar was told that the award to MMI would be upheld and that 75% of the work under the contract would be demolition-related.

On February 4, 2011, Astar notified MU that it would continue to protest the award. Thereafter, Astar made a "Request for Appeal and Hearing." A formal reconsideration hearing was held on March 29, 2011. Thereafter, Karen Kirtley, Marshall University's Senior Vice-President of Finance and Administration, advised Astar that she was upholding the decision to award the contract to MMI.

On April 19 or 20, 2011, MU awarded the open-ended contract to MMI. On April 21, 2011, MU notified all bidders of the award.

Astar filed its "Verified Petition For Writ Of Mandamus and Injunctive Relief" in the circuit court on April 27, 2011. Following a May 2, 2011, hearing, the circuit court denied Astar's motion for injunctive relief but issued a rule to show cause against MU. Thereafter, two hearings were held on the matter.

On December 28, 2011, the circuit court ruled that a writ of mandamus should not issue because (1) Astar had failed to prove the elements required for the writ and (2) had not met its burden of showing "fraud, collusion, or such an abuse of discretion that it is shocking to the conscience" in MU's award of the contract to MMI pursuant to Syllabus Point 3 of *State ex rel. E. D. S. Fed. Corp. v. Ginsberg*, 163 W.Va. 647, 259 S.E.2d 618 (1979).

On appeal, Astar argues that the circuit court erred in denying its petition for a writ of mandamus.

"Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or

2

to correct errors they have made." Syllabus Point 1, *State ex rel. Buxton v. O'Brien*, 97 W.Va. 343, 125 S.E. 154 (1924).

Syl. Pt. 6, *State ex rel. Affiliated Const. Trades Found. v. Vieweg*, 205 W.Va. 687, 520 S.E.2d 854 (1999).

> "'A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.' Syllabus Point 1, *State ex rel. Billy Ray C. v. Skaff*, 190 W.Va. 504, 438 S.E.2d 847 (1993); Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969)." Syllabus point 2, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995).

Syl. Pt. 2, *Ewing v. Bd. of Educ. of Cnty. of Summers*, 202 W.Va. 228, 503 S.E.2d 541 (1998).

Pursuant to *Ewing*, Astar argues that (1) it had a clear legal right to be awarded the contract because it was the lowest responsible and responsive bidder; (2) MU had a legal duty to award the contract to Astar; and (3) a writ of mandamus requiring MU to award the contract to Astar is the only adequate legal remedy for the damages Astar sustained as a result of MU's failure to award Astar the contract.

"A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus." Syl. Pt. 1, *Harrison Cnty. Comm'n v. Harrison Cnty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008). We review a circuit court's underlying factual findings and conclusions of law in a mandamus case under a clearly erroneous standard. *O'Daniels v. City of Charleston*, 200 W.Va. 711, 715, 490 S.E.2d 800, 804 (1997) (citing *Staten v. Dean*, 195 W.Va. 57, 62, 464 S.E.2d 576, 581 (1995)).

Our review of the record reflects no clear error by the circuit court in denying petitioner's motion for a writ of mandamus. The circuit court reviewed MU's bid evaluation process, the reasons MU used that particular bid process, and the results of the process, and correctly determined that Astar had failed to meet the *Ewing* standard for the issuance of a writ of mandamus. Having reviewed the circuit court's "Final Order" entered on December 28, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:**  May 17, 2013

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis

4